UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT | § |
|          Plaintiffs | § |
| | § |
| vs. | § |
| | § |
| CITY OF HARLINGEN AND | § |
| HARLINGEN POLICE CHIEF | § |
| MICHAEL BLAKE | § |
|          Defendants | § |

CAUSE NO. B-02- 078

## CITY DEFENDANTS' NOTICE OF REMOVAL

May It Please the Court:

NOW COMES DEFENDANTS, the CITY OF HARLINGEN, TEXAS, and HARLINGEN POLICE CHIEF MICHAEL BLAKE, (hereafter "CITY DEFENDANTS") and file this Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 404TH Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1. Plaintiff filed his Application for Temporary and Permanent Injunction on April 08, 2002, in the 404th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2002-04-001428-G.

2.   Plaintiff's Petition names the City of Harlingen and Harlingen Police Chief Michael Blake, as Defendants.

3.   Plaintiffs served their citation on DEFENDANTS on or about April 9, 2002.

4.   Plaintiff's lawsuit complains of DEFENDANTS decision to enforce a city ordinance which prohibits excessive or offensive noise where intoxicants are sold.

5.   More specifically, Plaintiff's Original Petition provides in pertinent part as follows:

> B. In light of the above described facts, Plaintiffs seek recovery from Defendants. The nature of the lawsuit is that Plaintiffs, its agents and representatives have been **denied their liberty and property without due process of law, in violation of the Texas and United States Constitutions**

See Plaintiff's Original Petition at ¶10 (emphasis added). Plaintiff makes a similar allegation at ¶13.A ("ordinance is a violation of the Texas and United States Constitution).

6.   Moreover, Plaintiff makes repeated references to the CITY'S Ordinance as being "unconstitutionally vague and overly broad," both on its face and as applied. See Plaintiff's Original Petition at ¶¶ 11, 12.C, 13.A.

7.   The Plaintiff's Petition is the first paper of any kind filed by Plaintiff reflecting an intention to pursue a federally based claim, here, a claim for violation of under the federal

constitution for the denial of liberty and property without due process of the law, which necessarily comes under the U.S. Constitution's 14th Amendment.

8.   It is, therefore, apparent on the face of the Application for Temporary and Permanent Injunction that the this document constitutes an initial pleading that places DEFENDANTS on notice of an intention to pursue a federally based claim, as per 28 U.S.C. §1446(b).

9.   This removal action is also brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

10.  Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.   Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

11.  Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a certified copy of the state court's docket sheet pertaining to this case.  See Index to Exhibits.

12.  Notice of this removal action has been given to Plaintiff and to the 404ᵀᴴ Judicial District Court contemporaneously with the filing of this Notice.  See Index to Exhibits.

13.  For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

14.  This removal action is timely filed within thirty days of CITY DEFENDANTS receipt of an initial pleading containing a federally based claim or cause of action. CITY DEFENDANTS have not done anything to divest this Court of removal jurisdiction over this lawsuit.

15.  CITY DEFENDANTS have otherwise complied with the removal requirement of Local Rule 81, including the $150 removal filing fee.  See Index to Exhibits.

## CONCLUSION & PRAYER

THEREFORE, for the foregoing reasons, CITY DEFENDANTS hereby remove this action pursuant to federal law and pray that the Court sustain this removal from the 404th Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law.  CITY DEFENDANTS further requests that the Court grant any and all other relief to which it may show themselves justly entitled.

SIGNED on this  17th  day of April, 20002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
LAWRENCE J. RABB
State Bar No. 24010328
So. Dist. ID No. 23712

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the  17th  day of April, 2002.

Mr. David S. Gonzales, III        **By CMRRR #7001 1940 0007 8404 6007**
LAW OFFICE OF DAVID S. GONZALES, III
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB

City Defendants' Notice of Removal                              Page 5

**INDEX OF EXHIBITS FILED IN SUPPORT OF REMOVAL NOTICE**

A.    Plaintiff's Application For Temporary and Permanent Injunction, containing federally based pleadings;

B.    Citation and Service of Process on Defendants;

C.    State Court Docket Sheet;

D.    Notice of Removal filed in State District Court;

E.    Complete certified copy of all pleadings, answers, and other papers contained in state district court's file;


**END OF INDEX TO EXHIBITS**

**EXHIBIT** "A"

CERTIFIED COPY

NO. 2002-04-001428-6

FILED __11:66__ O'CLOCK __M__
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____Yolanda Zambrano_____

| | | |
|---|---|---|
| **PAUL BOULS AND KIKO'S MEXICAN RESTAURANT**<br>**Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§<br>§ | **404th JUDICIAL DISTRICT** |
| **CITY OF HARLINGEN AND**<br>**HARLINGEN POLICE CHIEF**<br>**MICHAEL BLAKE**<br>**Defendants.** | §<br>§<br>§<br>§ | **OF CAMERON COUNTY, TEXAS** |

## PLAINTIFFS' APPLICATION FOR
## TEMPORARY AND PERMANENT INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, and file this Plaintiffs' Application for Temporary and Permanent Injunction against City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, and in support thereof, show the Honorable Court the following:

### PARTIES AND SERVICE

1.     Plaintiff, Paul Bouls, is an Individual.

2.     Plaintiff, Kiko's Mexican Restaurant, is a Texas Corporation.

3.     Defendant City of Harlingen is a Municipality, and may be served with a citation *directed to the City Secretary, Sylvia Trevino* at the following address: City Hall, 118 East Tyler Ave., Harlingen, Texas 78550.   Service of said Defendant as described above can be effected by personal delivery.

4.     Defendant Harlingen Police Chief Michael Blake is an individual residing in the state of Texas, and may be served with process at his place of employment at the following address:  1102 S. Commerce Street, Harlingen Texas 78550.  Service of said Defendant as described above can be effected by personal delivery.

CERTIFIED COPY

## JURISDICTION AND VENUE

5.    The subject matter in controversy is within the jurisdictional limits of this court.

6.    This court has jurisdiction over the parties because Defendants are Texas residents.

7.    Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.    Paul Bouls owner and manager of Kiko's Mexican Restaurant was informed by the City of Harlingen that applicable noise guidelines for a Cabana-style addition to his Mexican restaurant was Section 42.01 of the Texas Code of Criminal Procedure or 85 decibels.  Subsequently Paul Bouls was cited with violation of Harlingen City Ordinance Section 110.05 (Excessive or Offensive Noise Prohibited Where Intoxicants Sold) and arrested.

9.    Plaintiffs seek to preserve the status quo in this matter until a final trial on the merits of Plaintiffs' claims.  Unless Defendants are temporarily restrained during the pendency of this litigation, Plaintiffs will be exposed to arrest and incarceration and suffer severe financial injuries, and as more set forth below, will cause Plaintiffs irreparable injury for which there is no adequate remedy at law.

## ELEMENTS

10.    In light of the above-described facts, Plaintiffs seek recovery from Defendants.  The nature of the lawsuit is that Plaintiffs, its agents and representatives have been denied their liberty and property without due process of law, in violation of the Texas and United States Constitution; that the ordinance being applied has no ascertainable standard of guilt and that the terms used within the ordinance are fatally vague, uncertain and overly broad. Furthermore Plaintiffs detrimentally relied upon the City of Harlingen for due process with respect to notice of applicable and enforced ordinances by the City of

CERTIFIED COPY

Harlingen.

11.    Plaintiffs are likely to succeed on the merits of its lawsuit because the city ordinance being enforced is unconstitutionally vague and overly broad and the City of Harlingen continues to enforce such Ordinance knowing it is unconstitutionally vague.

12.    Unless this Honorable Court temporarily restrains the Defendants until a final trial on the merits of Plaintiffs' case, the Plaintiffs will suffer irreparable injury, for which there is no adequate remedy at law to give Plaintiffs complete, final and equal relief.  More specifically, Plaintiffs will show the court the following:

        A.    The harm to Plaintiffs is imminent because police show up routinely to enforce such ordinance based on anonymous reports of violations of such ordinance.

        B.    This imminent harm will cause Plaintiffs irreparable injury to property and personal rights in that Paul Bouls has been arrested and deprived of liberty based on anonymous reports. Furthermore such enforcement continues to have a chilling effect on legitimate business, as well as frightening potential employees from working at Kiko's Mexican restaurant.

        C.    There is no adequate remedy at law which will give Plaintiffs complete, final and equal relief because the City of Harlingen is unconstitutionally applying the ordinance in question, whereby Plaintiffs are randomly subjected to incarceration only to have such case dismissed. Furthermore enjoyment of this property is unique for which no remedy at law exists.

13.    Furthermore, Plaintiffs should be granted a temporary injunction because:

        A.    Plaintiffs are entitled to the relief demanded above, and all or part of the relief requires the restraint of the acts described above which are prejudicial to the Plaintiffs.

        B.    The Plaintiffs are entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions because the discriminate

CERTIFIED COPY

enforcement of an overly broad and vague ordinance is a violation of the Texas and United States Constitutions.

### BOND

14.    Plaintiffs are willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

### REMEDY

15.    Plaintiffs have met Plaintiffs' burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs are entitled to the requested temporary injunction order.

16.    Plaintiffs request the court to enjoin City of Harlingen and Harlingen Police Chief Michael Blake from responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550.

17.    It is essential that the Court temporarily enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, from these acts until final trial on the merits of Plaintiffs' case. In order to preserve the status quo during the pendency of this action, the Defendants should be cited to appear and show cause why they should not be temporarily enjoined from responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550.

18.    On final trial on the merits, that the Court permanently enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, from responding to and enforcing Harlingen City Ordinance 110.05.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, respectfully pray that:

A.    City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, will be cited to appear and answer herein;

B.    After notice and hearing, a temporary injunction will issue enjoining and

CERTIFIED COPY

restraining City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550;

C.       The court set a reasonable bond for the temporary injunction;

D.       After trial on the merits, the Court permanently enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly responding to and enforcing Harlingen City Ordinance 110.05.

E.       For such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By:

David Gonzales
Texas Bar No. 24010060
501 East Tyler
Harlingen, Texas  78550
Tel. (956)425-5297
Fax. (956)425-1844
Attorney for Plaintiffs
Paul Bouls and Kiko's Mexican Restaurant



TRUE COPY I CERTIFY
_____ DE LA GARZA, CLERK
COURT CAMERON COUNTY, TEXAS
DATE 4-19-02
DEPUTY

CERTIFIED COPY

FILED ___11·00___ O'CLOCK ___A__ M
AURORA DE LA GARZA DIST. CLERK

**APR 0 8 2002**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**VERIFICATION**

STATE OF TEXAS              §
                           §
COUNTY OF CAMERON           §

BEFORE ME, the undersigned authority, personally appeared Paul Bouls, who, on oath, stated that the statements made in the foregoing Application for Temporary Injunction and Permanent Injunction are true and correct.

_Paul Bouls_
Paul Bouls

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___7th___ day of ___April___, 2002, to certify which witness my hand and seal of office.

_L. A. Guzman_
Notary Public, State of Texas

L. A. Guzman
Notary Public, State of Texas
My Commission Expires
OCTOBER 09, 2004

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4-16-02
_____ DEPUTY

## CERTIFICATE OF SERVICE

I certify that on April 9, 2002, a true and correct copy of Plaintiffs' Application for Temporary Injunction and Permanent Injunction was served by personal delivery on Brendan Hall at City Hall, Harlingen, Texas.

David Gonzales

CERTIFIED COPY

AURORA DE LA GARZA DIST. CLERK

APR 08 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

NO. 2002-04-1428-G

| | | |
|---|---|---|
| **PAUL BOULS AND KIKO'S MEXICAN RESTAURANT**<br>**Plaintiffs,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | _404th_ **JUDICIAL DISTRICT** |
| | § | |
| **CITY OF HARLINGEN AND** | § | |
| **HARLINGEN POLICE CHIEF** | | |
| **MICHAEL BLAKE** | | |
| **Defendants.** | § | **OF CAMERON COUNTY, TEXAS** |

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION

BEFORE ME, the undersigned authority, personally appeared Paul Bouls, who being duly sworn, deposed as follows:

"My name is Paul Bouls. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

"I am the owner and manager of Kiko's Mexican Restaurant in Harlingen, Texas 78550. Before I built the Cabana-style addition to the restaurant I sought direction from the City of Harlingen. The City of Harlingen informed me that the applicable noise guideline for the Cabana was 85 decibels. Sometime after construction, I was cited for violation of City Ordinance 110.05, that citation was later dismissed. Sometime after that I was cited again, this time I was arrested and take to jail."

"Further affiant sayeth not."

Paul Bouls
_____
Paul Bouls

TRUE COPY I CERTIFY
...SE LA GARZA, CLERK
...COURT CAMERON COUNTY, TEXAS
...4-16-02
_____
DEPUTY

SUBSCRIBED AND SWORN TO BEFORE ME on _7th day April/2002_, by

_____
Notary Public, State of Texas

L. A. Guzman
Notary Public, State of Texas
My Commission Expires
OCTOBER 09, 2004

CERTIFIED COPY

NO. 2002-04-1428-6

| | | |
|---|---|---|
| **PAUL BOULS AND KIKO'S MEXICAN** | § | **IN THE DISTRICT COURT** |
| **RESTAURANT** | | |
| **Plaintiffs,** | § | |
| | § | |
| | § | 404th **JUDICIAL DISTRICT** |
| **V.** | § | |
| | § | |
| **CITY OF HARLINGEN AND** | § | |
| **HARLINGEN POLICE CHIEF** | | |
| **MICHAEL BLAKE** | | |
| **Defendants.** | § | **OF CAMERON COUNTY, TEXAS** |

## ORDER SETTING HEARING

The above and foregoing Plaintiffs' Application for Temporary Injunction and Permanent Injunction having been presented and duly considered, the Court is of the opinion that a hearing on same is necessary.

**IT IS THEREFORE ORDERED** that said Motion is set for hearing on *April 22, 2002* at *9:00am* , in the Judicial District Court of Cameron County, Texas.

**SIGNED** on _____ , 2002.

_____
JUDGE PRESIDING

[District Court seal: CAMERON COUNTY TEXAS, DISTRICT COURT]

COPY I CERTIFY
...L GARZA, CLERK
...MERON COUNTY, TEXAS

FILED 11:30 O'CLOCK __ M.
AURORA DE LA GARZA DIST. CLERK

APR - 9 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

NO. 2002-04-1428-G

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| V. | § | 404th JUDICIAL DISTRICT |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | | |
| MICHAEL BLAKE | | |
| Defendants. | § | OF CAMERON COUNTY, TEXAS |

## TEMPORARY INJUNCTION

On _____, 2002, the Application for a Temporary Injunction of Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, was heard before this Court. Plaintiffs, Paul Bouls and Kiko's Mexican Restaurant, appeared in person and through Plaintiffs' attorney of record. City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, appeared in person and through Defendants' attorney of record. All issues of fact were tried to the Court. The Court considered the applicable laws and rules of equity.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

1.    That unless City of Harlingen and Harlingen Police Chief Michael Blake, Defendants are temporarily restrained from enforcing and responding to City Ordinance 110.05 at Kiko's Mexican Restaurant, 1105 West Business 83, Harlingen Texas 78550, the City of Harlingen and Harlingen Police Chief Michael Blake will commit the foregoing before a final trial on the merits of Plaintiffs' case;

2.    Plaintiffs will suffer irreparable harm if City of Harlingen and Harlingen Police Chief Michael Blake are not restrained because there is no adequate remedy at law to grant Plaintiffs complete, final and equal relief for the deprivation of

CERTIFIED COPY

property and personal rights of Plaintiffs.

3.    Plaintiffs are entitled to a temporary injunction because part of Plaintiffs' relief in this lawsuit requires the restraint of the acts described above which are prejudicial to the Plaintiffs.

4.    The Plaintiffs are entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and desist from responding to, citing, and enforcing City Ordinance Section 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550 from the date of entry of this order until trial on the merits of Plaintiffs' case, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is set for trial on the merits on _July 29, 2002_ in the _404th_ Judicial District Court.

The clerk of the above-entitled court shall issue a temporary injunction in conformity with the law and the terms of this order upon the filing by Plaintiffs of the bond hereinafter set.

This order shall not be effective until Plaintiffs deposit with the Clerk, a bond in the amount of $ _1000 00_ in conformity with the law.

SIGNED and ENTERED on _April 9, 2002_ at _10:01_ _a_.M.

_____
PRESIDING JUDGE

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
4-16-02
DEPUTY

FILED _11:30_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK
APR - 9 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

## CERTIFICATE OF SERVICE

I certify that on April 9, 2002, a true and correct copy of Plaintiffs' Application for Temporary Injunction and Permanent Injunction was served by personal delivery on Brendan Hall at City Hall, Harlingen, Texas.

David Gonzales

CAUSE NO. __2002-04-001428-G__

PAUL BOULS AND KIKO'S
MEXICAN RESTAURANT _____

VS

CITY OF HARLINGEN AND
HARLINGEN POLICE CHIEF _____
MICHAEL BLAKE

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

__404TH__ JUDICIAL DISTRICT

### CERTIFICATE OF CASH IN LIEU OF BOND

STATE OF TEXAS            []

COUNTY OF CAMERON    []

I, AURORA DE LA GARZA, Clerk of the __404TH__ District Court of Cameron

County, Texas, do hereby certify that ___PAUL BOULS_____

in the above entitled and numbered cause, in Lieu of Bond, did on the __11 TH__ day of

___APRIL_____, 200_2_, deposit with me cash in the amount of ___$ 1,000.00_____

as required in the Judge's Fiat signed on the __9TH_ day of ___APRIL_____, 200_2_.

WITNESS MY HAND AND SEAL OF OFFICE, this_11TH_ day of ___APRIL_____, 200_2_.

AURORA DE LA GARZA

District Clerk, Cameron County, Texas

By: _Yolanda Zambrano_
        Deputy

FILED __8:30__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

APR 1 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Yolanda Zambrano_ Deputy

*ORIGINAL IN BOND FILE*

CERTIFIED COPY

**Aurora De La Garza**
Office of the District Clerk
Cameron County, Texas

KIKO'S MEXICAN RESTAURANT

RECEIPT #    127121

04/11/2002

$1,000.00

☐ CASH
☑ CHECK
3282
☐ MONEY ORDER

CAUSE NUMBER:    2002-04-1428-G

STYLE:    PAUL BOULS ET AL VS CITY OF HARLINGEN ET AL

COMMENTS:    "CASH BOND"

☑ TRUST    ☐ FAXES    $0.00    ☐ PASSPORT    $0.00
☐ DEPOSIT    ☐ COPIES    $0.00
☐ COSTS    ☐ RESEARCH    $0.00
         ☐ JURY FEE

M CASTAÑEDA

**CLIENT COPY**

**974 East Harrison Street**
**Brownsville, TX 78520**



FILED __11:00__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## REQUEST/COVER LETTER

Date: _____

**DISTRICT CLERK:**                    Re:  Cause No. _2002-04-1428-G_

_____

VS

_____

**Enclosed for filing, please find the following:**

❑   Plaintiff's Original Petition.
❑   Plaintiff's _____ Amended Original Petition.
❑   Defendant's Original Answer.
❑   Defendant's _____ Amended Original Answer.
❑   _____ Interrogatories to _____.
❑   Plaintiff's Answers to _____ Interrogatories.
❑   Our firm check in the amount of $_____ for court costs.
❑   Motion _____
❑   Order _____
❑   Judgment _____
❑   Notice of Taking of Oral Deposition of _____
❑   Notice of Taking of Deposition by Written Questions of _____
❑   Jury fee deposit of $30.00.
❑   Other _____

**Please indicate below the indicated action:**

❑   Request for Issuance of Writ of Withholding to Employer- $25.00 Fee
❑   Prepare the Abstract of Judgment - $8.00 fee paid by _____
❑   Prepare Writ of Execution - $8.00 fee paid by _____
❑   Prepare Order of Sale - $8.00 fee paid by _____
❑ ✓ Prepare Citation and return for out-of-county service.
☑   Prepare Citation and have Defendant(s) served by Sheriff's Office.
❑   Prepare Citation and serve Defendant(s) by Certified Mail, Return Receipt Requested.
❑   Prepare Citation and serve Defendant(s) by Civil Process Server _____
❑   File among papers in the above styled and numbered cause.

_____
                                    **Attorney's Signature**



Citation for Personal Service   - GENERAL              Lit. Seq. # 5.004.01

COPY

No. 2002-04-001428-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: MICHAEL BLAKE
    HARLINGEN POLICE CHIEF
    1102 S. COMMERCE STREET
    HARLINGEN, TEXAS 78550

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 404th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____PETITION_____ was filed on
__APRIL 08, 2002__.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001428-G.

The style of the case is:

PAUL BOULS AND KIKO'S MEXICAN RESTAURANT
VS.
CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHA

Said petition was filed in said court by _____DAVID S. GONZALES_____
(Attorney for _____PLAINTIFF_____), whose address is
501 E. TYLER HARLINGEN, TEXAS  78550.

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 11th day of ___APRIL___, A.D. 2002.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By _____, Deputy

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.003.01

No. 2002-04-001428-G

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CITY OF HARLINGEN
    BY SERVING THE CITY SECRETARY
    SYLVIA TREVINO
    CITY HALL
    118 EAST TYLER AVE.
    HARLINGEN, TEXAS 78550
the    DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said    PETITION    was filed on APRIL 08, 2002  . A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001428-G.

The style of the case is:

PAUL BOULS AND KIKO'S MEXICAN RESTAURANT
VS.
CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHA

Said petition was filed in said court by    DAVID S. GONZALES
(Attorney for    PLAINTIFF    ), whose address is 501 E. TYLER HARLINGEN, TEXAS 78550

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 11th day of    APRIL  , A.D. 2002.

AURORA DE LA GARZA    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
by Yolanda Zambrano  , Deputy



**CERTIFIED COPY**

DATE 04/16/02
TIME 11:13 AM

PAGE: 01
2002-04-001428-G

PAUL BOUIS AND KIKO'S MEXICAN RESTAURANT

VS

HARLINGEN AND HARLINGEN POLICE CHIEF MICHA

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

00577401
DAVID S. GONZALES
501 E. TYLER
HARLINGEN, TEXAS          78550 0000

(10)          APPLICATION FOR TEMPORARY INJUNCTION          04     08     02

ORDER SETTING HEARING SET FOR 4/22/02 AT 9:00 A.M./RGARZA/JS
TEMPORARY INJUNCTION SET FOR 7/29/02 AT 9:00 A.M. BOND
SET AT $1000.00/RGARZA/YZ

| Date | Entry |
|---|---|
| 04/08/02 | ORIGINAL PETITION FILED |
| 04/09/02 | VERIFICATION |
| 04/09/02 | AFFIDAVIT IN SUPPORT OF PLAINTIFFS' |
| 04/09/02 | APPLICATION FOR TEMPORARY INJUNCTION |
| 04/08/02 | CITATION: CITY OF HARLINGEN |
| 04/11/02 | SERVED: |
| 04/11/02 | CITATION: MICHAEL BLAKE |
| 04/11/02 | SERVED: |
| 04/11/02 | PRECEPT: CITY OF HARLINGEN |
| 04/11/02 | SERVED: |
| 04/11/02 | PRECEPT: MICHAEL BLAKE |
| 04/11/02 | SERVED: |
| 04/11/02 | CERTIFICATE OF CASH IN LIEU OF BOND |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE
DEPUTY

EXHIBIT" 

AURORA DE LA GARZA DIST. CLERK
APR 1 6 2002
DISTRICT COURT OF CAMERON COUNTY TEXAS
Diana Zumora DEPUTY

CAUSE NO. 2002-04-001428-G

| PAUL BOULS AND KIKO'S | § | IN THE DISTRICT COURT OF |
| MEXICAN RESTAURANT | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | CAMERON COUNTY, TEXAS |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
| DEFENDANTS | § | 404TH JUDICIAL DISTRICT |

## NOTICE OF REMOVAL TO FEDERAL COURT

May it Please the Court:

COMES NOW, DEFENDANTS, the CITY OF HARLINGEN, TEXAS and MICHAEL BLAKE (hereafter "CITY DEFENDANTS") and, in accordance with 28 U.S.C. §1446(b), hereby gives this Notice of Removal of the above styled and numbered cause from the 404TH Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas - Brownsville Division.

SIGNED on this 16th day of April, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

City Defendants State Court
Notice of Removal to Federal Court                    Page 1

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100

By: _____
LAWRENCE J. RABB
State Bar No. 24010328

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the ___17th___ day of April, 2002.

Mr. David S. Gonzales, III    **By CMRRR #7001 1940 0007 8404 6007**
LAW OFFICE OF DAVID S. GONZALES, III
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB

**EXHIBIT"** _E_ **"**

CERTIFIED COPY

FILED ___11:11___ O'CLOCK ___11___M
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Yolanda Zumbrunt_ Deputy

NO. 2002-04-001428-6

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT<br>**Plaintiffs,** | § § § § | IN THE DISTRICT COURT |
| **V.** | § § § | 404th JUDICIAL DISTRICT |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE<br>**Defendants.** | § § § § | OF CAMERON COUNTY, TEXAS |

## PLAINTIFFS' APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, and file this Plaintiffs' Application for Temporary and Permanent Injunction against City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, and in support thereof, show the Honorable Court the following:

### PARTIES AND SERVICE

1.     Plaintiff, Paul Bouls, is an Individual.

2.     Plaintiff, Kiko's Mexican Restaurant, is a Texas Corporation.

3.     Defendant City of Harlingen is a Municipality, and may be served with a citation *directed to the City Secretary, Sylvia Trevino* at the following address: City Hall, 118 East Tyler Ave., Harlingen, Texas 78550.  Service of said Defendant as described above can be effected by personal delivery.

4.     Defendant Harlingen Police Chief Michael Blake is an individual residing in the state of Texas, and may be served with process at his place of employment at the following address:  1102 S. Commerce Street, Harlingen Texas 78550.  Service of said Defendant as described above can be effected by personal delivery.

CERTIFIED COPY

## JURISDICTION AND VENUE

5.    The subject matter in controversy is within the jurisdictional limits of this court.

6.    This court has jurisdiction over the parties because Defendants are Texas residents.

7.    Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.    Paul Bouls owner and manager of Kiko's Mexican Restaurant was informed by the City of Harlingen that applicable noise guidelines for a Cabana-style addition to his Mexican restaurant was Section 42.01 of the Texas Code of Criminal Procedure or 85 decibels.  Subsequently Paul Bouls was cited with violation of Harlingen City Ordinance Section 110.05 (Excessive or Offensive Noise Prohibited Where Intoxicants Sold) and arrested.

9.    Plaintiffs seek to preserve the status quo in this matter until a final trial on the merits of Plaintiffs' claims.  Unless Defendants are temporarily restrained during the pendency of this litigation, Plaintiffs will be exposed to arrest and incarceration and suffer severe financial injuries, and as more set forth below, will cause Plaintiffs irreparable injury for which there is no adequate remedy at law.

## ELEMENTS

10.    In light of the above-described facts, Plaintiffs seek recovery from Defendants.  The nature of the lawsuit is that Plaintiffs, its agents and representatives have been denied their liberty and property without due process of law, in violation of the Texas and United States Constitution; that the ordinance being applied has no ascertainable standard of guilt and that the terms used within the ordinance are fatally vague, uncertain and overly broad. Furthermore Plaintiffs detrimentally relied upon the City of Harlingen for due process with respect to notice of applicable and enforced ordinances by the City of

CERTIFIED COPY

Harlingen.

11.    Plaintiffs are likely to succeed on the merits of its lawsuit because the city ordinance being enforced is unconstitutionally vague and overly broad and the City of Harlingen continues to enforce such Ordinance knowing it is unconstitutionally vague.

12.    Unless this Honorable Court temporarily restrains the Defendants until a final trial on the merits of Plaintiffs' case, the Plaintiffs will suffer irreparable injury, for which there is no adequate remedy at law to give Plaintiffs complete, final and equal relief. More specifically, Plaintiffs will show the court the following:

A.    The harm to Plaintiffs is imminent because police show up routinely to enforce such ordinance based on anonymous reports of violations of such ordinance.

B.    This imminent harm will cause Plaintiffs irreparable injury to property and personal rights in that Paul Bouls has been arrested and deprived of liberty based on anonymous reports. Furthermore such enforcement continues to have a chilling effect on legitimate business, as well as frightening potential employees from working at Kiko's Mexican restaurant.

C.    There is no adequate remedy at law which will give Plaintiffs complete, final and equal relief because the City of Harlingen is unconstitutionally applying the ordinance in question, whereby Plaintiffs are randomly subjected to incarceration only to have such case dismissed. Furthermore enjoyment of this property is unique for which no remedy at law exists.

13.    Furthermore, Plaintiffs should be granted a temporary injunction because:

A.    Plaintiffs are entitled to the relief demanded above, and all or part of the relief requires the restraint of the acts described above which are prejudicial to the Plaintiffs.

B.    The Plaintiffs are entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions because the discriminate

enforcement of an overly broad and vague ordinance is a violation of the Texas and United States Constitutions.

## BOND

14.    Plaintiffs are willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

## REMEDY

15.    Plaintiffs have met Plaintiffs' burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs are entitled to the requested temporary injunction order.

16.    Plaintiffs request the court to enjoin City of Harlingen and Harlingen Police Chief Michael Blake from responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550.

17.    It is essential that the Court temporarily enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, from these acts until final trial on the merits of Plaintiffs' case.  In order to preserve the status quo during the pendency of this action, the Defendants should be cited to appear and show cause why they should not be temporarily enjoined from responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550.

18.    On final trial on the merits, that the Court permanently enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, from responding to and enforcing Harlingen City Ordinance 110.05.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, respectfully pray that:

A.    City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, will be cited to appear and answer herein;

B.    After notice and hearing, a temporary injunction will issue enjoining and

CERTIFIED COPY

restraining City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly responding to and enforcing alleged violations of City Ordinance 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550;

C.     The court set a reasonable bond for the temporary injunction;

D.     After trial on the merits, the Court permanently enjoin City of Harlingen and Harlingen Police Chief Michael Blake, Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly responding to and enforcing Harlingen City Ordinance 110.05.

E.     For such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____
David Gonzales
Texas Bar No. 24010060
501 East Tyler
Harlingen, Texas  78550
Tel. (956)425-5297
Fax. (956)425-1844
Attorney for Plaintiffs
Paul Bouls and Kiko's Mexican Restaurant



DISTRICT COURT
CAMERON COUNTY, TEXAS

TRUE COPY I CERTIFY
... DE LA GARZA, CLERK
... COURT CAMERON COUNTY, TEXAS
... 4-16-02
... DEPUTY

CERTIFIED COPY

FILED ___11·00___ O'CLOCK ___A__ M
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**VERIFICATION**

STATE OF TEXAS                    §
                                  §
COUNTY OF CAMERON                 §

BEFORE ME, the undersigned authority, personally appeared Paul Bouls, who, on oath, stated that the statements made in the foregoing Application for Temporary Injunction and Permanent Injunction are true and correct.

_____
Paul Bouls

SUBSCRIBED AND SWORN TO BEFORE ME on this the __7th__ day of __April__, 2002, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

L. A. Guzman
Notary Public, State of Texas
My Commission Expires
OCTOBER 09, 2004



TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY 7·16·02
DEPUTY

## CERTIFICATE OF SERVICE

I certify that on April 9, 2002, a true and correct copy of Plaintiffs' Application for Temporary Injunction and Permanent Injunction was served by personal delivery on Brendan Hall at City Hall, Harlingen, Texas.

David Gonzales

**CERTIFIED COPY**

NO. 2002-04-1428-G

AURORA DE LA GARZA DIST. CLERK
APR 0 8 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS

| | | |
|---|---|---|
| **PAUL BOULS AND KIKO'S MEXICAN RESTAURANT** **Plaintiffs,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | 404th **JUDICIAL DISTRICT** |
| | § | |
| **CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE** **Defendants.** | § | |
| | § | **OF CAMERON COUNTY, TEXAS** |

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION

BEFORE ME, the undersigned authority, personally appeared Paul Bouls, who being duly sworn, deposed as follows:

"My name is Paul Bouls. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

"I am the owner and manager of Kiko's Mexican Restaurant in Harlingen, Texas 78550. Before I built the Cabana-style addition to the restaurant I sought direction from the City of Harlingen. The City of Harlingen informed me that the applicable noise guideline for the Cabana was 85 decibels. Sometime after construction, I was cited for violation of City Ordinance 110.05, that citation was later dismissed. Sometime after that I was cited again, this time I was arrested and take to jail."

"Further affiant sayeth not."

_Paul Bouls_
Paul Bouls

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 4-16-02
BY _____ DEPUTY

SUBSCRIBED AND SWORN TO BEFORE ME on _7th day April 2002_, by

_L A Guzman_
Notary Public, State of Texas

L. A. Guzman
Notary Public, State of Texas
My Commission Expires
OCTOBER 09, 2004

CERTIFIED COPY

NO. *2002-04-1428-6*

| PAUL BOULS AND KIKO'S MEXICAN | § | IN THE DISTRICT COURT |
|---|---|---|
| **RESTAURANT** | | |
| **Plaintiffs,** | § | |
| | § | |
| | § | *404*th JUDICIAL DISTRICT |
| **V.** | § | |
| | § | |
| **CITY OF HARLINGEN AND** | § | |
| **HARLINGEN POLICE CHIEF** | | |
| **MICHAEL BLAKE** | | |
| **Defendants.** | § | OF CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING

The above and foregoing Plaintiffs' Application for Temporary Injunction and Permanent Injunction having been presented and duly considered, the Court is of the opinion that a hearing on same is necessary.

IT IS THEREFORE ORDERED that said Motion is set for hearing on *April 22, 2002* *at 9:00am*, in the Judicial District Court of Cameron County, Texas.

SIGNED on _____, 2002.

_____
JUDGE PRESIDING

COPY I CERTIFY
★ GARZA, CLERK
CAMERON COUNTY, TEXAS

FILED _1:30_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR - 9 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

NO. 2002-04-1428-G

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT **Plaintiffs,** | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 404th JUDICIAL DISTRICT |
| | § | |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE **Defendants.** | § | |
| | § | |
| | § | OF CAMERON COUNTY, TEXAS |

## TEMPORARY INJUNCTION

On _____, 2002, the Application for a Temporary Injunction of Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, was heard before this Court. Plaintiffs, Paul Bouls and Kiko's Mexican Restaurant, appeared in person and through Plaintiffs' attorney of record. City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, appeared in person and through Defendants' attorney of record. All issues of fact were tried to the Court. The Court considered the applicable laws and rules of equity.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

1.     That unless City of Harlingen and Harlingen Police Chief Michael Blake, Defendants are temporarily restrained from enforcing and responding to City Ordinance 110.05 at Kiko's Mexican Restaurant, 1105 West Business 83, Harlingen Texas 78550, the City of Harlingen and Harlingen Police Chief Michael Blake will commit the foregoing before a final trial on the merits of Plaintiffs' case;

2.     Plaintiffs will suffer irreparable harm if City of Harlingen and Harlingen Police Chief Michael Blake are not restrained because there is no adequate remedy at law to grant Plaintiffs complete, final and equal relief for the deprivation of

**CERTIFIED COPY**

property and personal rights of Plaintiffs.

3. Plaintiffs are entitled to a temporary injunction because part of Plaintiffs' relief in this lawsuit requires the restraint of the acts described above which are prejudicial to the Plaintiffs.

4. The Plaintiffs are entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that City of Harlingen and Harlingen Police Chief Michael Blake, Defendants herein, and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and desist from responding to, citing, and enforcing City Ordinance Section 110.05 at Kiko's Mexican Restaurant, 5501 West Business 83, Harlingen, Texas 78550 from the date of entry of this order until trial on the merits of Plaintiffs' case, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is set for trial on the merits on _July 29, 2002_ in the _404th Judicial District Court._ The clerk of the above-entitled court shall issue a temporary injunction in conformity with the law and the terms of this order upon the filing by Plaintiffs of the bond hereinafter set.

This order shall not be effective until Plaintiffs deposit with the Clerk, a bond in the amount of $ _1000 00_ in conformity with the law.

SIGNED and ENTERED on _April 9, 2002_ at _10:01 _.M.

_____
PRESIDING JUDGE

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
4-16-02

FILED _11:30_ O'CLOCK _A_ M.
AURORA DE LA GARZA DIST. CLERK
APR - 9 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

## CERTIFICATE OF SERVICE

I certify that on April 9, 2002, a true and correct copy of Plaintiffs' Application for Temporary Injunction and Permanent Injunction was served by personal delivery on Brendan Hall at City Hall, Harlingen, Texas.

David Gonzales

CAUSE NO. __2002-04-001428-G__

PAUL BOULS AND KIKO'S
MEXICAN RESTAURANT

VS

CITY OF HARLINGEN AND
HARLINGEN POLICE CHIEF
MICHAEL BLAKE

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

__404TH__ JUDICIAL DISTRICT

CERTIFICATE OF CASH IN LIEU OF BOND

STATE OF TEXAS            []

COUNTY OF CAMERON    []

I, AURORA DE LA GARZA, Clerk of the __404TH__ District Court of Cameron

County, Texas, do hereby certify that __PAUL BOULS__

in the above entitled and numbered cause, in Lieu of Bond, did on the __11 TH__ day of

__APRIL__, 200_2_, deposit with me cash in the amount of __$ 1,000.00__

as required in the Judge's Fiat signed on the _9TH_ day of __APRIL__, 200_2_.

WITNESS MY HAND AND SEAL OF OFFICE, this_1TH_ day of __APRIL__, 200_2_.

AURORA DE LA GARZA

District Clerk, Cameron County, Texas

By: _Yolanda Zamora_
            Deputy

FILED __8:30__ O'CLOCK __A.__M
AURORA DE LA GARZA DIST. CLERK
APR 1 1 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Yolanda Zamora_ Deputy

*ORIGINAL IN BOND FILE*



KIKO'S MEXICAN RESTAURANT
5501 W. BUS. 83  PH. 956-364-2255
HARLINGEN, TX  78550

3282

88-901-35
1149

DATE 4/9/2002

PAY TO THE ORDER OF  District Clerks Office  $ 1,000.00/100

ONE Thousand dollars                DOLLARS

TEXAS STATE BANK
No One Knows The Valley Like We Do.

FOR  Bond-2002-04-1428-G

Paul Bowls

"003282" 1:114490901:1: "5302288 2"

CERTIFIED COPY

## Aurora De La Garza
### Office of the District Clerk
### Cameron County, Texas

KIKO'S MEXICAN RESTAURANT

RECEIPT #   127121

04/11/2002
$1,000.00

☐ CASH
☑ CHECK
  3282
☐ MONEY ORDER

CAUSE NUMBER:   2002-04-1428-G

STYLE:   PAUL BOULS ET AL VS CITY OF HARLINGEN ET AL

COMMENTS:   "CASH BOND"

☑ TRUST      ☐ FAXES      $0.00      ☐ PASSPORT    $0.00
☐ DEPOSIT    ☐ COPIES     $0.00
☐ COSTS      ☐ RESEARCH   $0.00
             ☐ JURY FEE

M CASTAÑEDA

**CLIENT COPY**

**Cameron County District Clerk**
974 East Harrison Street
Brownsville, TX 78520



FILED __11:00__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Yolanda Zambrano_ DEPUTY

## REQUEST/COVER LETTER

Date: _____

**DISTRICT CLERK:**

Re: Cause No. _2002-04-1428-G_

_____

VS

_____

**Enclosed for filing, please find the following:**

❑ Plaintiff's Original Pettition.
❑ Plaintiff's _____ Amended Original Petition.
❑ Defendant's Original Answer.
❑ Defendant's _____ Amended Original Answer.
❑ _____ Interrogatories to _____.
❑ Plaintiff's Answers to _____ Interrogatories.
❑ Our firm check in the amount of $_____ for court costs.
❑ Motion _____
❑ Order _____
❑ Judgment _____
❑ Notice of Taking of Oral Deposition of _____
❑ Notice of Taking of Deposition by Written Questions of _____
❑ Jury fee deposit of $30.00.
❑ Other _____

**Please indicate below the indicated action:**

❑ Request for Issuance of Writ of Withholding to Employer- $25.00 Fee
❑ Prepare the Abstract of Judgment - $8.00 fee paid by _____
❑ Prepare Writ of Execution - $8.00 fee paid by _____
❑ Prepare Order of Sale - $8.00 fee paid by _____
❑ ✓ Prepare Citation and return for out-of-county service.
❑ Prepare Citation and have Defendant(s) served by Sheriff's Office.
❑ Prepare Citation and serve Defendant(s) by Certified Mail, Return Receipt Requested.
❑ Prepare Citation and serve Defendant(s) by Civil Process Server _____
❑ File among papers in the above styled and numbered cause.

_____
Attorney's Signature