UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT | § § | |
| Plaintiffs | § § | |
| vs. | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE | § § § | |
| Defendants | § | |

**CITY DEFENDANTS' SUPPLEMENTAL NOTICE OF REMOVAL**

May It Please the Court:

NOW COMES DEFENDANTS, the CITY OF HARLINGEN, TEXAS, and HARLINGEN POLICE CHIEF MICHAEL BLAKE, (hereafter "CITY DEFENDANTS") and file this Supplemental Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 404TH Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1. Plaintiff filed his Application for Temporary and Permanent Injunction on April 08, 2002, in the 404th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2002-04-001428-G.

2. Plaintiffs' Petition named the City of Harlingen and Harlingen Police Chief Michael Blake, as Defendants.

3. Plaintiffs served their citation on DEFENDANTS on or about April 9, 2002.

4. Defendants filed their Notice of Removal in State and Federal Court on

5. Thereafter, on April 16, 2002, Plaintiffs filed a Original Petition for Declaratory Judgment under the State Court cause.

6. Plaintiffs' Original Petition for Declaratory Judgment complements and clarifies the complaints against DEFENDANTS made in Plaintiffs' Application for Temporary and Permanent Injunction, specifically, the decision to enforce a city ordinance which prohibits excessive or offensive noise where intoxicants are sold.

7. Plaintiff's Original Petition for Declaratory Judgment, Section V. provides in pertinent part as follows:

    Plaintiffs therefore request that declaratory judgment be entered as follows: City of Harlingen, Ordinance No. 74-8, otherwise known as, Business Regulation Section 110.05 entitled *Excessive or Offensive Noise Prohibited Where Intoxicants Sold* **be declared unconstitutional under the Texas and United States Constitutions.**

8. At Section V., A. of the Original Petition for Declaratory Judgment, Plaintiffs contend that,

    A.   The ordinance is unconstitutionally vague, as it does not give fair or adequate notice. It violates due process as well as the **first amendment to the United States Constitution** and Article I, Section 8, of the Texas Constitution.

    *See* Plaintiff's Original Petition at Section V., A. (emphasis added).

9. At Section V., B. of the Original Petition for Declaratory Judgment, Plaintiffs contend that,

    B.   The ordinance is unconstitutionally overly broad, as it creates a chilling effect with constitutionally protected speech or expression. It **violates the First Amendment of the United States Constitution** and Article I, Section 8 of the Texas Constitution.

    *See* Plaintiff's Original Petition at Section V., B. (emphasis added).

10. At Section V., C. of the Original Petition for Declaratory Judgment, Plaintiffs contend that,

    C.   The City, through its Ordinance, deprived Plaintiffs of its property without due process in violation of article I, section 19 of the Texas Constitution and **the Fifth and Fourteenth Amendments to the U.S. Constitution.**

    *See* Plaintiff's Original Petition at Section V., C. (emphasis added).

11. At Section V., E. of the Original Petition for Declaratory Judgment, Plaintiffs further contend that,

    E.   The ordinance is not a legitimate exercise of its police power. The ordinance on its face is not a reasonable and therefore **violates procedural and substantive due process requirements of** the Texas and **United States Constitution.**

  *See* Plaintiff's Original Petition at Section V., E.(emphasis added).

12. It is, therefore, apparent on the face of Plaintiffs' Original Petition for Declaratory Judgment, as with their Application for Temporary and Permanent Injunction, that this document clearly places DEFENDANTS on notice of an intention to pursue a federally based claim, as per 28 U.S.C. §1446(b).

13. The removal action is properly brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

14. Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

15. Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a certified copy of the state court's docket sheet pertaining to this case. *See* Index to Exhibits.

16. Notice of the removal action has been previously been given to Plaintiffs and to the 404TH Judicial District Court contemporaneously with the filing of the Notice of Removal. Additionally, Plaintiffs have been served with a copy of this Supplemental Notice of Removal. See Index to Exhibits.

17. For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

18. The removal action was timely filed within thirty days of CITY DEFENDANTS receipt of an initial pleading containing a federally based claim or cause of action, i.e. Plaintiffs' Application for Temporary and Permanent Injunction. CITY DEFENDANTS have not done anything to divest this Court of removal jurisdiction over this lawsuit.

19. CITY DEFENDANTS have otherwise complied with the removal requirement of Local Rule 81, including the $150 removal filing fee. See Index to Exhibits.

**CONCLUSION & PRAYER**

THEREFORE, for the foregoing reasons, CITY DEFENDANTS hereby file this Supplemental Notice of Removal to further demonstrate the propriety of the removal this action pursuant to federal law and pray that the Court sustain the removal from the 404th

Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law. CITY DEFENDANTS further requests that the Court grant any and all other relief to which it may show themselves justly entitled.

SIGNED on this 23rd day of April, 2002.

    Respectfully submitted,

    **DENTON, NAVARRO & BERNAL**
    A Professional Corporation
    Bank of America Building
    222 East Van Buren, Suite 405
    Harlingen, Texas 78550
    956/421-4904
    956/421-3621 (Fax)

By: _/s/ Ricardo J. Navarro_
    RICARDO J. NAVARRO
    Attorney In Charge
    State Bar No. 14829100
    So. Dist. ID No. 5953

By: _/s/ Lawrence J. Rabb_
    LAWRENCE J. RABB
    State Bar No. 24010328
    So. Dist. ID No. 23712

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 23rd day of April, 2002.

Mr. David S. Gonzales, III          **By CMRRR #7001 1940 0007 8404 6465**
LAW OFFICE OF DAVID S. GONZALES, III
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S | § | |
| MEXICAN RESTAURANT | § | |
|     Plaintiffs | § | |
| | § | |
| vs. | § | CAUSE NO. _____ |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
|     Defendants | § | |

INDEX OF SUPPLEMENTAL EXHIBITS FILED
IN SUPPORT OF REMOVAL NOTICE

---

The following Index to City Defendants' Supplemental Notice of Removal and attached exhibits are hereby submitted in support to be filed on behalf of the CITY OF HARLINGEN, TEXAS, and HARLINGEN POLICE CHIEF MICHAEL BLAKE, (hereafter "CITY DEFENDANTS"):

A.   Plaintiffs' Original Petition for Declaratory Judgment, containing federally based pleadings;

B.   State Court Docket Sheet;

SIGNED on this 23rd day of April, 2002.

                            Respectfully submitted,

                            **DENTON, NAVARRO & BERNAL**
                            A Professional Corporation
                            Bank of America Building
                            222 East Van Buren, Suite 405
                            Harlingen, Texas 78550
                            956/421-4904
                            956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
LAWRENCE J. RABB
State Bar No. 24010328
So. Dist. ID No. 23712

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 23rd day of April, 2002.

Mr. David S. Gonzales, III          By CMRRR #7001 1940 0007 8404 6465
LAW OFFICE OF DAVID S. GONZALES, III
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB

Case 1:02-cv-00078   Document 3   Filed in TXSD on 04/24/2002   Page 10 of 18

EXHIBIT "A"

NO. <u>2002-04-1428-G</u>

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S § | IN THE DISTRICT COURT |
| MEXICAN RESTAURANT § | |
| Plaintiffs, § | |
| § | |
| V. § | 404TH JUDICIAL DISTRICT |
| § | |
| CITY OF HARLINGEN AND § | |
| HARLINGEN POLICE CHIEF § | |
| MICHAEL BLAKE § | |
| Defendants. § | OF CAMERON COUNTY, TEXAS |

### ORIGINAL PETITION
### FOR DECLARATORY JUDGMENT

FILED _____ O'CLOCK ___A___M
AURORA DE LA GARZA DIST. CLERK
APR 16 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Paul Bouls and Kiko's Mexican Restaurant, Plaintiffs herein, filing this Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

A.  Plaintiffs, Paul Bouls and Kiko's Mexican Restaurant bring this action individually. Plaintiffs reside in Cameron County, Texas.

B.  Defendant City of Harlingen is Municipality, and may be served with a citation *directed to Sylvia Trevino, City Secretary* at the following address: City Hall, 118 East Tyler Ave., Harlingen, Texas 78550. Service of said Defendant as described above can be effected by certified mail.

C.  Defendant Harlingen Police Chief Michael Blake is an individual residing in the state of Texas, and may be served with process at his place of employment at the following address: 1102

**EXHIBIT " A "**

South Commerce Street, Harlingen Texas 78550. Service of said Defendant as described above can be effected by certified mail.

D.   The Office of the Attorney General for the State of Texas may be served with notice at the following address: Office of the Attorney General, John Cornyn, 209 West 14th Street, Price Daniel Building, Austin, Texas 78711. Service of the Attorney General as described above can be effected by certified mail.

## III. JURISDICTION AND VENUE

A.   The subject matter in controversy is within the jurisdictional limits of this court.

B.   This court has jurisdiction over the parties because Plaintiffs are Texas residents.

C.   Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

Paul Bouls is the owner and manager of Kiko's Mexican Restaurant which is located in Harlingen, Texas at 5501 West Business 83. In February 2001, Paul Bouls obtained permits from the City of Harlingen to construct a cabana-style addition to Kiko's Mexican Restaurant. Before opening the cabana for business Paul Bouls approached the City of Harlingen for the applicable noise guidelines for the cabana. The City of Harlingen informed him that the applicable noise guideline for his cabana was Section 42.01 of the Texas Penal Code or more specifically not to exceed 85 decibels. Subsequently Paul Bouls opened for business. From June 2001 through September 2001, Police officers from the Harlingen Police department took decibel readings from Kiko's Mexican Restaurant property approximately 100 times, each time Paul Bouls and Kiko's Mexican Restaurant were in compliance with Section 42.01 of the Texas Penal Code. Then on or about October 2001, Paul Bouls was cited with violation of Harlingen City Ordinance

Section 110.05 (Excessive or Offensive Noise Prohibited Where Intoxicants Sold).

The ordinance reads as follows:

### § 110.05 Excessive or Offensive Noise Prohibited Where Intoxicants Sold.

It shall be unlawful for any licensee or permittee under the Texas Liquor Control Act, his agent, servant or employee, on premises under his control to maintain or permit a radio, television machine, amplifier, loudspeaker, public address system, piano, phonograph, music machine, orchestra, band, singer, speaker, entertainer, or any other device or person which produces, amplifies, or projects music, noise, or other sound which is loud, vociferous, vulgar, indecent, lewd, or otherwise offensive to the public on or near the license premises. ('73 Code, §18-1.1)(Ord. 74-8, passed 3-20-74)

That citation of Paul Bouls was later dismissed by the Harlingen City Prosecutor's own motion. Paul Bouls continued in operation until March 16, 2002. Then on March 17, 2002, Paul Bouls was again cited for violating Harlingen City Ordinance Section 110.05. However this time Paul Bouls was arrested and escorted to jail.

### V. RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiffs therefore request that declaratory judgment be entered as follows: City of Harlingen, Ordinance No. 74-8, otherwise known as, Business Regulation Section 110.05 entitled <u>Excessive or Offensive Noise Prohibited Where Intoxicants Sold</u> **be declared unconstitutional under the Texas and United States Constitutions.** In support of such request, plaintiffs submit the following:

A.   The ordinance is unconstitutionally vague, as it does not give fair or adequate notice. It violates due process as well as the first amendment to the United States

Constitution and Article I, Section 8, of the Texas Constitution. The ordinance fails to give a person of ordinary intelligence notice of the conduct prohibited. It restricts sound in its various forms that is "loud, vociferous, vulgar, indecent, lewd or otherwise offensive to the pubic on or near [the] premises." Therefore the ordinance is constitutionally void for vagueness on its face.

B. The ordinance is unconstitutionally overly broad, as it creates a chilling effect with constitutionally protected speech or expression. It violates the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution. Furthermore, the City, through its Ordinance, expands application of the ordinance to areas "on or near [the] premises." This over breadth potentially punishes those not involved with any prohibited activity.

C. The City, through its Ordinance, deprived Plaintiffs of its property without due process in violation of article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs were deprived of procedural due process because they were denied notice and an opportunity for hearing before loss of their property interest. The City of Harlingen granted permits to construct the cabana-style addition providing notice to Plaintiffs that the applicable noises guidelines would be the Texas Penal Code Section 42.01. Thereafter the City and the Harlingen Police Department proceeded to enforce the above-mentioned ordinance without regard to the 85-decibel limit delineated in Texas Penal Code Section 42.01.

D. The City, through its Ordinance, made an unconstitutional taking of Plaintiffs' property under Article 1, Section 16 and Section 19 of the Texas Constitution. The

   ordinance invokes police power to abridge a particular use of private property. Plaintiffs have been denied the ability to earn a living by a legitimate means.

E.  The ordinance is not a legitimate exercise of its police power. The ordinance on its face is not a reasonable and therefore violates procedural and substantive due process requirements of the Texas and United States Constitution.

F.  The Ordinance is arbitrary and unreasonable both generally and as applied to Plaintiffs. Kiko's Mexican Restaurant is zoned general retail and is located on a business highway. Restricting sound in its various forms as per City Ordinance 74-8 in this area is both arbitrary and unreasonable.

## VI. ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiffs be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

              Respectfully submitted,

By: _____
David S. Gonzales
Texas Bar No. 24010060
501 East Tyler Avenue
Harlingen, Texas 78550
Tel. (956) 425-5297
Fax. (956) 425-1844
Attorney for Plaintiffs
Paul Bouls and Kiko's Mexican Restaurant

Case 1:02-cv-00078   Document 3   Filed in TXSD on 04/24/2002   Page 17 of 18

EXHIBIT " B "

```
RUN DATE 04/23/02                                                              PAGE: 01
RUN TIME 10:25 AM                                                       2002-04-001428-G

               *  *  *   C L E R K ' S   E N T R I E S   *  *  *     (10)        04    08    02

                         00577401
                         DAVID S. GONZALES
                         501 E. TYLER
                         HARLINGEN, TEXAS            78550   0000

   PAUL BOJLS AND KIKO'S MEXICAN RESTAURANT                APPLICATION FOR TEMPORARY INJUNCTION

                                    VS

   CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHA


   04/09/02   ORDER SETTING HEARING SET FOR 4/22/02 AT 9:00 A.M./RGARZA/JS
   04/09/02   TEMPORARY INJUNCTION SET FOR 7/29/02 AT 9:00 A.M. BOND
              SET AT $1000.00/RGARZA/YZ
   04/09/02   ORDER REMOVED TO FEDERAL COURT   AC LIVAS/IG

   04/08/02   ORIGINAL PETITION FILED
   04/08/02   VERIFICATION
   04/08/02   AFFIDAVIT IN SUPPORT OF PLAINTIFFS'
              APPLICATION FOR
   04/08/02     TEMPORARY INJUNCTION
   04/11/02   CITATION: CITY OF HARLINGEN
   04/11/02     SERVED: 04/15/02              FILED: 04/18/02
   04/11/02   PRECEPT: CITY OF HARLINGEN
   04/11/02   CITATION: MICHAEL BLAKE
   04/11/02     SERVED: 04/15/02              FILED: 04/18/02
   04/11/02   PRECEPT: MICHAEL BLAKE
   04/11/02     SERVED: 04/15/02              FILED: 04/16/02
   04/15/02   CERTIFICATE OF CASH IN LIEU OF BOND
   04/15/02   ORIGINAL PETITION FOR DECLARATORY
              JUDGMENT(IGARCIA)
   04/16/02   CITATION (CM): SYLVIA TREVINO,
   04/16/02     SERVED:
   04/15/02   CITATION (CM): HARLINGEN CHIEF OF
              POLICE
   04/16/02     SERVED:
   04/16/02   CITATION (CM): ATTORNEY GENERAL OF
              TEXAS
   04/16/02     SERVED:
   04/15/02   NOTICE OF REMOVAL TO FEDERAL
              COURT(IGARCIA)
```

EXHIBIT "B"