*4*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 3 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S | § | |
| MEXICAN RESTAURANT | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
|     DEFENDANTS | § | |

CITY DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFFS' APPLICATION FOR
TEMPORARY AND PERMANENT INJUNCTIVE RELIEF
AND ORIGINAL PETITION FOR DECLARATORY JUDGMENT

---

May It Please The Court:

NOW COMES DEFENDANTS, the CITY OF HARLINGEN, TEXAS, and POLICE CHIEF MICHAEL BLAKE (hereafter "CITY DEFENDANTS"), and file this Original Answer to Plaintiffs' Application for Temporary and Permanent Injunction and Original Petition for Declaratory Judgment (hereafter "Plaintiff's Application" and Plaintiff's Original Petition," respectively).

I.
ADMISSIONS AND DENIALS

**A.  As to Plaintiffs' Application for Temporary and Permanent Injunction**

1.  With respect to Paragraphs 1 through 4 of Plaintiffs' Application, CITY DEFENDANTS do not contest the identity of the parties identified therein.

2.  With respect to Paragraphs 5 through 7 of Plaintiffs' Application, CITY DEFENDANTS admit that venue and jurisdiction of this controversy in the U.S. District Court for the Southern

District of Texas, McAllen Division is proper. To the remainder, a no Rule 8 Response is necessary.

3. With respect to Paragraph 8 of Plaintiffs' Application, CITY DEFENDANTS admit, upon information and belief, that Paul Bouls is the owner and manager of Kiko's Mexican Restaurant. CITY DEFENDANTS admit that a citation was given for a violation of Harlingen City Ordinance Section 110.05. CITY DEFENDANTS deny the remainder of the factual allegations and/or the characterization of the material factual allegations. CITY DEFENDANTS specifically deny that the applicable noise guidelines are Section 42.01 of the Texas Code of Criminal Procedure.

4. With respect to Paragraph 9 of Plaintiffs' Application, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

5. With respect to Paragraph 10 of Plaintiffs' Application, CITY DEFENDANTS CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph. CITY DEFENDANTS assert that this paragraph contains propositions of law. CITY DEFENDANTS are not required to admit or deny propositions of law. Further, CITY DEFENDANTS specifically deny that Plaintiffs have been denied their liberty and property without due process of law.

6. With respect to Paragraph 11 of Plaintiffs' Application, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph. Further, CITY DEFENDANTS assert that this paragraph contains propositions of law. CITY DEFENDANTS are not required to admit or deny propositions of law.

7. With respect to Paragraph 12, subsections A-C of Plaintiffs' Application, CITY DEFENDANTS deny the factual allegations, the

material factual characterizations and any legal conclusion contained in these paragraphs. CITY DEFENDANTS specifically deny that Plaintiffs suffered any damages actionable at law. To the extent that this paragraph simply requests relief, no Rule 8 response is necessary.

8. With respect to Paragraph 13 of Plaintiffs' Application, subsections A-C, CITY DEFENDANTS deny the factual allegations, the material factual characterizations and any legal conclusion contained in these paragraphs. CITY DEFENDANTS admit that Plaintiffs have plead a cause of action under the United States Constitution and thereby providing this Court with subject matter jurisdiction.

9. With respect to Paragraph 14 of Plaintiffs' Application, no Rule 8 response is necessary.

10. With respect to Paragraph 15 of Plaintiffs' Application, CITY DEFENDANTS deny that Plaintiffs have met their burden of establishing each element to be entitled to injunctive relief to any of the legal theories pleaded. CITY DEFENDANTS deny that Plaintiffs are entitled to any of the legal or equitable relief requested

11. With respect to Paragraphs 16 through 18 of Plaintiffs' Application, CITY DEFENDANTS deny the material factual allegations contained in these paragraphs and deny Plaintiffs' characterization of any material facts. Further, CITY DEFENDANTS deny that Plaintiffs are entitled to any of the legal or equitable relief requested.

12. With regards to the Prayer for Relief, subsections A-E, of Plaintiffs' Application, the CITY DEFENDANTS deny that Plaintiffs are entitled to any of the legal or equitable relief requested.

City Defendants' Original Answer                                    Page 3

**B.   Plaintiff's Original Petition for Declaratory Judgment**

13.  With regards to Roman Number I of Plaintiffs' Original Petition for Declaratory Relief, no Rule 8 response is necessary.

14.  With regards to Roman Numeral II of Plaintiffs' Original Petition for Declaratory Relief, CITY DEFENDANTS admit that CITY DEFENDANTS, as more specifically identified above, are properly identified.   Further, CITY DEFENDANTS admit that the Attorney General is required to be served with a copy of the proceeding and is entitled to be heard, as per the statutory requirements of §37.006, Tex. Civ. Prac. & Rem. Code.

15.  With regards to Roman Numeral III of Plaintiffs' Original Petition for Declaratory Judgment, CITY DEFENDANTS admit that venue and jurisdiction of this controversy in the U.S. District Court for the Southern District of Texas, McAllen Division are proper.   To the remainder, no Rule 8 Response is necessary.

16.  With regards to Roman Numeral IV of Plaintiffs' Original Petition for Declaratory Judgment, CITY DEFENDANTS admit, upon information and belief, that Paul Bouls is the owner and manager of Kiko's Restaurant and that the restaurant in question is located at 5501 West Business 83 in Harlingen, Texas.

17.  CITY DEFENDANTS admit that Plaintiff constructed an addition to Kiko's Mexican Restaurant and, subject to building code compliance and fire safety requirements, opened for business at some point.   CITY DEFENDANTS further admit that Plaintiff had previously been put on notice from a CITY magistrate or peace officer that under Section 42.001 of the Texas Penal Code, a decibel reading of 85 or greater was presumed to be a public nuisance.

18.  CITY DEFENDANTS admit that Paul Bouls, as owner of Kiko's Mexican Restaurant, had previously been cited on at least one

citation for violations of Harlingen City Ordinance 110.05, which citation was subsequently dismissed at the discretion of the CITY prosecutor at that time. CITY DEFENDANTS deny any implication by Plaintiff that dismissal of a prior citation constitutes compliance with the CITY's noise ordinance on any other separate occasion.

19. CITY DEFENDANTS admit that the CITY again cited Plaintiff on or about March 17, 2002 for violations of a noise ordinance, based on complaints from residents living adjacent to the restaurant in question. CITY DEFENDANTS admit that Plaintiff was taken into custody on that occasion, but only after Plaintiff wilfully and unreasonably refused to sign for the citation and promise to appear in court on the citation. CITY DEFENDANTS deny that the CITY arrested Plaintiff unlawfully or illegally.

20. CITY DEFENDANTS further advise the Court that Plaintiff was released from custody as soon as he signed the citation and promised to appear in municipal court on the charges indicated. The municipal court charges are pending at this time; Plaintiff has neither been tried nor convicted and the matter was, and remains, pending at the time that this lawsuit was prematurely filed by Plaintiff.

21. With regard to Roman Numeral V, Subsections A-F, of Plaintiffs' Original Petition for Declaratory Judgment, CITY DEFENDANTS categorically deny the material allegations and legal conclusions contained in these paragraphs. CITY DEFENDANTS deny that Plaintiffs are entitled to declaratory, equitable or legal relief in any manner. CITY DEFENDANTS admit that Plaintiffs have plead federal constitutional claims which confer subject matter jurisdiction over this controversy to this Federal District Court. Further, CITY DEFENDANTS assert that these

City Defendants' Original Answer                          Page 5

paragraphs contain propositions of law. CITY DEFENDANTS are not required to admit or deny propositions of law. To the extent that these paragraphs simply request relief, no Rule 8 response is necessary.

22. With respect to Section VI of Plaintiffs' Original Petition for Declaratory Judgment, CITY DEFENDANTS deny that Plaintiffs are entitled to Attorney's Fees.

17. With respect to the Concluding Prayer for Relief contained in Plaintiffs' Original Petition for Declaratory Judgment, CITY DEFENDANTS deny that Plaintiffs are entitled to any of the legal or equitable relief requested therein.

## II.
## GENERAL DENIAL

18. CITY DEFENDANTS hereby generally deny all material allegations contained in Plaintiffs' Application for Temporary and Permanent Injunction and Original Petition for Declaratory Judgment. Any material factual allegations not specifically admitted in the foregoing paragraphs are hereby denied.

## III.
## AFFIRMATIVE DEFENSES

### Government Immunity

19. CITY DEFENDANTS hereby assert the affirmative defense of government immunity from any and all claims and causes of action asserted by Plaintiffs to the fullest extent allowed by law.

### Qualified Immunity

20. CITY DEFENDANTS hereby assert the right of the individually named defendants to qualified immunity from suit and from liability of any and all federally-based claims and causes of action asserted against them individually.

**Official Immunity**

21.  CITY DEFENDANTS hereby assert the right of the individually named defendants to official immunity from suit and from liability of any and all state law and common law based claims and causes of action asserted against them individually.

**Government Statutory Caps**

22.  CITY DEFENDANTS also hereby assert as a defense the statutory caps on damages to which they are entitled to pursuant to §101.023, Tex. Civ. Prac. & Rem. Code.   CITY DEFENDANTS also hereby assert that they are immune from the imposition of an award of exemplary damages pursuant to §101.024, Tex. Civ. Prac. & Rem. Code Ann.   The CITY DEFENDANTS do not waive any immunity beyond the statutory caps set forth by statute.

**Administrative Limitations & Exhaustion Requirements**

23.  CITY DEFENDANTS also hereby assert the affirmative defense of any and all limitations periods applicable to any and all statutory causes of action asserted by Plaintiffs, including any administrative limitations periods applicable to Plaintiffs' claims, whether state or federal in nature, imposed by law. beyond the statutory caps set forth by statute.

### CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing specific denials, general denial, as well as the affirmative defenses pleaded against Plaintiffs' claims, CITY DEFENDANTS request that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that a take nothing judgment against Plaintiffs be entered, and that CITY DEFENDANTS be awarded such other and further relief, at law or in equity, to which it may show itself justly entitled.

SIGNED on the 30th day of April, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
Fed. I.D. No. 5953

By: _____
LAWRENCE J. RABB
Associated Attorney
State Bar No. 24010328
Fed. I.D. No. 23712

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _30th_ day of April, 2002.

Mr. David S. Gonzales          **By CMRRR:7001 1940 0007 8404 6021**
501 E. Tyler
Harlingen, Texas 78550

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB