5

United States District Court
Southern District of Texas
FILED

MAY 2 4 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S | § | |
| MEXICAN RESTAURANT | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
| DEFENDANTS | § | |

**CITY OF HARLINGEN'S**
**ORIGINAL COUNTERCLAIM AND APPLICATION FOR**
**TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

May It Please The Court:

NOW COMES DEFENDANT/COUNTER-PLAINTIFF, the CITY OF HARLINGEN, TEXAS (hereinafter "CITY") and files this Original Counterclaim and Application for Temporary and Permanent Injunctive Relief against Plaintiffs, Paul Bouls, Karam Boulos, and Kiko's Mexican Restaurant (hereafter "Plaintiffs").

This Counterclaim is brought pursuant to Subchapter B, Chapter 54, Texas Local Government Code (hereafter "Chapter 54 proceeding") as a civil enforcement action. This Court has pendant jurisdiction over all state law matters pursuant to 28 U.S.C. §1367(a). CITY would respectfully show this Honorable Court the following:

**I.**
**CHAPTER 54 PLEADING REQUIREMENTS**

A.   The property at issue is currently known as Kiko's Mexican Restaurant, which is located at the street address

      designated as 5501 West Business Highway 83 in Harlingen, Texas (hereafter "Kiko's").

B.    The Plaintiffs are the owners and operators of Kiko's.

C.    The applicable City Ordinance at issue is the City's Business Regulations/Noise Ordinance, specifically subsections 110.05. (Exhibit "A", Copy of Ordinance §110.05.)

D.    The violations at of the applicable Ordinance are as follows:

      1)    Excessive Noise: Plaintiffs/Counter-Defendants have failed to control the noise level at Kiko's Mexican Restaurant causing it to become excessive and disruptive to the adjacent residential property owners.

E.    This matter is properly brought before this Court pursuant to Tex. Loc. Govt. Code §54.012(5), which is applicable to City of Harlingen Ordinance §110.05.

## II.
## FACTUAL BACKGROUND

    Plaintiffs' lawsuit is based upon the enforcement of a city ordinance by the CITY. Specifically, Plaintiffs allege that they were cited and Paul Bouls arrested based upon the enforcement of City of Harlingen ordinance §110.05, Excessive or Offensive Noise Prohibited where Intoxicants are Sold. Plaintiffs built a cabana style addition to Kiko's which allowed for seating outdoors. Kiko's began to present live music and karaoke in the outdoor cabana area. Thereafter, the Harlingen Police Department began to receive complaints regarding the noise level and bass coming from Kiko's. The Harlingen police

City Defendants' Original Counterclaim &
Application for Temporary and Permanent Injunctive Relief         Page 2

went to Kiko's over an eight month period to check on the noise based upon the citizen, i.e. residential neighbors, complaints. On March 17, 2002, City of Harlingen police officers again visited Kiko's based upon multiple citizen complaints of the noise.   The investigating officer cited owner Paul Bouls pursuant to the applicable city ordinance §110.05.   Mr. Bouls was taken into custody on that occasion, but only after he wilfully and unreasonably refused to sign for the citation and promise to appear in court.

## III.
## PROCEDURAL HISTORY

The Plaintiffs filed an Application for Temporary and Permanent Injunction on April 8, 2002, in state district court asking for an injunction preventing the CITY from enforcing ordinance §110.05.   On April 16, 2002, CITY DEFENDANTS filed their notice of removal based upon federal question jurisdiction.   On April 16, 2002, Plaintiffs also filed an Original Petition for Declaratory Judgment in state district court asking for a declaration that the ordinance at issue is unconstitutional.   On April 24, 2002, CITY DEFENDANTS filed a supplemental notice of removal based upon federal question jurisdiction within the Plaintiffs' request for declaratory judgment.   Thereafter on April 30, 2002, CITY DEFENDANTS filed their Original Answer.

## IV.
## ENFORCEMENT OF ORDINANCE

After numerous complaints over an eight month period from adjoining residential neighbors in regards to noise, the City of Harlingen Police Department cited Paul Bouls, owner and operator of Kiko's, with a citation for violating Ordinance §110.05.

(See Exhibit "B", copy of citation issued.)  This was the second time Kiko's had been cited under such ordinance.  The penalty for such violation is found under City of Harlingen Ordinance §10.99, a Class C misdemeanor.  (See Exhibit "C", copy of ordinance.)  Therefore, this matter is properly brought before the Court to respectfully request civil enforcement of said ordinance pursuant to Tex. Loc. Govt. Code §54.012(5).

### V.
### APPLICATION FOR INJUNCTIVE RELIEF BY CITY DEFENDANTS

Pursuant to authority granted under Chapter 54, Tex. Local Govt. Code, CITY contends that the persons and property of the adjoining residential neighborhood will suffer injury and/or an adverse health impact if the CITY's ordinance is not enforced. The United States Supreme Court has held that "government 'has a substantial interest in protecting its citizens from unwelcome noise,'" *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806, 104 S.Ct. 2118, 2129, 80 L.Ed.2d 772(1984)(citing *Kovacs v. Cooper*, 336 U.S. 77, 79, 69 S.Ct. 448, 449, 93 L.Ed. 513(1949); see also *Grayned v. City of Rockford*, 408 U.S. 104, 116, 92 S.Ct. 2294, 2303, 33 L.Ed.2d 222(1972); and "this interest is perhaps at its greatest when government seeks to protect 'the well-being, tranquility, and privacy of the home.'" *Frisby v. Schultz*, 487 U.S. 474, 484, 108 S.Ct. 2495, 2502, 101 L.Ed.2d 420(1980)(quoting *Carey v. Brown*, 447 U.S. 455, 471, 100 S.Ct. 2286, 2295, 65 L.Ed.2d 263(1980).

Consequently, the CITY brings this counter-injunctive action to allow for the continued enforcement of City of Harlingen ordinance §110.05.  The effect of the enforcement would be to prohibit the excessive and/or offensive noise to continue its

assault on the tranquility of the adjoining residential neighbors.

## VI.
## CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, CITY requests and prays, that after further hearing on this matter, if such be necessary, that the Court grant the CITY'S application for temporary and permanent injunctive relief requiring that the owners and operators of Kiko's substantially comply with the City of Harlingen ordinance §110.05 as alleged above.

CITY further requests and prays that upon a proper showing by the CITY of a violation of the applicable ordinance that relief be granted under Chapter 54, Tex. Local Govt. Code, and that the Court impose an appropriate civil penalty authorized under §54.017, Tex. Local Govt. Code.

Finally, the CITY requests and prays for any further and appropriate relief to which it may show itself entitled.

SIGNED on the 24th day of May, 2002.

Respectfully submitted,

DENTON, NAVARRO & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
Fed. Dist. No. 5953

By: _____
Lawrence J. Rabb
Associate Attorney
State Bar No. 24002938
Fed. Dist. No. 23712

**CITY OF HARLINGEN, TEXAS**
OFFICE OF THE CITY ATTORNEY

By: *Brendan Hall (by permission RJN)*
Brendan Hall
City Attorney for
the City of Harlingen
State Bar No. 08744400
Fed. Dist. No. 6146

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 24th day of May, 2002.

Mr. David S. Gonzales, III        **By CMRRR# 7001 1940 0007 8404 6793**
Attorney At Law
501 E. Tyler
Harlingen, Texas 78550

RICARDO J. NAVARRO
LAWRENCE J. RABB

City Defendants' Original Counterclaim &
Application for Temporary and Permanent Injunctive Relief        Page 6





**CITY OF**

**HARLINGEN**

## CAPITAL OF THE LOWER RIO GRANDE VALLEY

**"WORKING AS A TEAM TO PROVIDE QUALITY SERVICE WITH RESPECT AND FAIRNESS TO ALL CITIZENS"**

## C E R T I F I C A T I O N

I, Sylvia R. Trevino, hereby certify that I am the duly authorized City Secretary of the City of Harlingen, charged with keeping the records of the City of Harlingen, and that the attached is a true and correct copy of Ordinance No. 71-5 as approved by the Harlingen Elective Commission on February 17, 1971.

In witness whereof, I hereto set my hand and affix the official seal of the City of Harlingen this 2nd day of May, 2002.

_____
Sylvia R. Trevino, City Secretary

(Seal)

*"Recipient Of Keep Texas Beautiful Governor's Achievement Award"*

**118 E. TYLER    ●    P.O. BOX 2207    ●    HARLINGEN, TEXAS 78551    ●    (956) 427-8700**

# CHAPTER 110:  ALCOHOLIC BEVERAGES

Section

## *General Provisions*

110.01   Definitions
110.02   Sales near churches, schools, and hospitals restricted
110.03   Consumption and possession in public restricted during specific times
110.04   Sale or delivery prohibited during certain times
110.05   Excessive or offensive noise prohibited where intoxicants sold

## *License or Permit*

110.20   License or permit required
110.21   Fee schedule
110.22   Term; pro rata charges; expiration date; renewal
110.23   Form; display

## *GENERAL PROVISIONS*

## § 110.01  DEFINITIONS.

The definition of the following enumerated words shall be the definitions thereof as set forth in TEX. ALCO. BEV. CODE § 1.04: *ALCOHOLIC BEVERAGE, DISTILLED SPIRITS, LIQUOR, WINE AND VINOUS LIQUOR, ALE, MALT LIQUOR,* and *BEER*.
('73 Code, § 3-1) (Ord. 71-5, passed 2-17-71)

## § 110.02  SALES NEAR CHURCHES, SCHOOLS, AND HOSPITALS RESTRICTED.

No person or other entity shall sell any alcoholic beverage or operate any business for the sale of any alcoholic beverage, within 300 feet of any church, public school, or public hospital. The measurement of the aforesaid 300 foot distance shall be along the property lines of the street fronts and from front door to front door and in direct line across intersections, where they occur. This

3

4                          **Harlingen - Business Regulations**

provision is not intended to, shall not, and shall not be construed as violating, altering, amending, or being in conflict with any of the provisions of the Zoning Code or other ordinances or any other provision of this or other code ordinances of the city, this provision being cumulative of such regulations.
('73 Code, § 3-2) (Ord. 71-5, passed 2-17-71)  Penalty, see § 10.99
*Cross-reference:*
    *Zoning Code, see Chapter 159*


### § 110.03 CONSUMPTION AND POSSESSION IN PUBLIC RESTRICTED DURING SPECIFIC TIMES.

It shall be unlawful for any person to consume any alcoholic beverage in any public place in the city, or any person to possess any alcoholic beverage in any public place in the city for the purpose of consuming the same in such public place, at any time on Sunday between the hours of 2:15 a.m. and 12:00 noon, and on all other days between the hours of 2:15 a.m. and 7:00 a.m.
('73 Code, § 3-3) (Ord. 71-5, passed 2-17-71)  Penalty, see § 10.99


### § 110.04 SALE OR DELIVERY PROHIBITED DURING CERTAIN TIMES.

(A) It shall be unlawful for any person or entity to sell or deliver any liquor in the city on Sundays, on Christmas Day, or between 9:00 p.m. of one day and 10:00 a.m. of the following day, of every other day of the year. ('73 Code, § 3-4)

(B) It shall be unlawful for any person or other entity to sell beer or offer beer for sale on Sunday at any time between the hours of 2:00 a.m. and 12:00 noon and on any day other than Sunday at any time between the hours of 2:00 a.m. and 7:00 a.m. ('73 Code, § 3-5)
(Ord. 71-5, passed 2-17-71)  Penalty, see § 10.99


### § 110.05 EXCESSIVE OR OFFENSIVE NOISE PROHIBITED WHERE INTOXICANTS SOLD.

It shall be unlawful for any licensee or permittee under the Texas Liquor Control Act, his agent, servant or employee, on premises under his control to maintain or permit a radio, television machine, amplifier, loudspeaker, public address system, piano, phonograph, music machine, orchestra, band, singer, speaker, entertainer, or any other device or person which produces, amplifies or projects music, noise, or other sound which is loud, vociferous, vulgar, indecent, lewd or otherwise offensive to the public on or near the license premises.
('73 Code, § 18-1.1) (Ord. 74-8, passed 3-20-74)  Penalty, see § 10.99

## *LICENSE OR PERMIT*

## § 110.20  LICENSE OR PERMIT REQUIRED.

It shall be unlawful for any person or other entity to manufacture, distill, brew, sell, possess for the purpose of sale, import into this state, export from this state, transport, distribute, warehouse, solicit orders for, take orders for; or, for the purpose of sale, to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, wine, vinous liquor, ale, malt liquor, beer, or other alcoholic beverage, in the city without first having obtained from the city through its Director of Finance, a permit or license of the class required to perform the act, acts, or business above enumerated. Such permits and licenses shall apply to the activity as defined in TEX. ALCO. BEV. CODE Chapters 12 through 74 for state licenses.
('73 Code, § 3-16) (Ord. 71-5, passed 2-17-71)  Penalty, see § 10.99
*Statutory reference:*
    *Local fee authorized, see TEX. ALCO. BEV. CODE § 11.38*

## § 110.21  FEE SCHEDULE.

There is hereby levied a license and/or permit fee for each of the licenses provided for in this subchapter, with the same to be collected in advance by the city, through its Director of Finance, prior to the issuance of such license or permit. Such annual license or permit fee shall be in the respective amounts and classes hereinafter specified for each respective type of license or permit, as follows:

(A) *Brewer's permit.* The annual city fee for a brewer's permit shall be $750.

(B) *Manufacturer's license.* For the first such factory for brewery there shall be annual city fee of $375; for the second such establishment, an annual fee of $750; for three to five of such establishments, $2,137.50; for over five such establishments, $4,200.

(C) *Distiller's and rectifier's permit.* The annual fee for a distiller's and rectifier's permit shall be $750.

(D) *Winery permit.* The annual city fee for a winery permit shall be $37.50.

(E) *Wholesaler's permit.* The annual city fee for a wholesaler's permit shall be $937.50.

(F) *General class B wholesaler's permit.* The annual city fee for a class B wholesaler's permit shall be $150.

(G) *Local class B wholesaler's permit.* The annual city fee for a local class B wholesaler's permit shall be $37.50.

(H) *Package store permit.* The annual city fee for a package store permit shall be $150.

6                          **Harlingen - Business Regulations**

(I)  *Wine only package store permit.* The annual city fee for a wine only package store permit shall be $37.50.

(J)  *Wine and beer retailer's permit.* The annual city fee for a wine and beer retailer's permit shall be $87.50.

(K)  *Wine bottler's permit.* The annual city fee for a wine bottler's permit shall be $112.50.

(L)  *General distributor's license.* The annual city fee for a general distributor's license shall be $150.

(M)  *Local distributor's license.* The annual city fee for a local distributor's license shall be $37.50.

(N)  *Branch distributor's license.* The annual city fee for a branch distributor's license shall be $37.50.

(O)  *Retail dealer's on-premises license.* The annual city fee for a retail dealer's on-premises license shall be $75.

(P)  *Retail dealer's on-premises late hours license.* The annual city fee for a retail dealer's on-premises late hours license shall be $125. Notwithstanding any other provision of this chapter the holder of a retail dealer's on-premises late hour license shall be limited to selling beer for on-premises consumption during the extended hours indicated.

(Q)  *Retail dealer's off-premises license.* The annual city fee for a retail dealer's off-premises license shall be $30.

(R)  *Mixed beverage permit.* The annual city fee for the renewal of a mixed beverage permit for each renewal after the expiration of three years from the date of issuance of the original mixed beverage permit shall be $312.50. Provided, however, that effective September 1, 1984, the annual city fee for such renewals shall be $375.

(S)  *Bonded warehouse permit.* The annual city fee for a bonded warehouse permit shall be $75.

(T)  *Mixed beverage late hours permit.* The annual city fee for a mixed beverage late hours permit shall be $75.

(U)  *Caterer's permit.* The annual city fee for a caterer's permit shall be $250.

(V)  *Wine and beer retail's off-premises permit.* The annual city fee for a wine and beer retailer's off-premises permit shall be $30.

(W)  *Importer's permit.* The annual city fee for an importer's permit shall be $10.

(X) *Private club late hours permit.* The annual city fee for a private club late hours permit shall be $375.

(Y) *Daily temporary mixed-beverage permit.* The city fee for a daily temporary mixed-beverage permit shall be $25 per day.
('73 Code, § 3-17) (Ord. 71-5, passed 2-17-71; Am. Ord. 74-15, passed 5-15-74; Am. Ord. 83-110, passed 12-13-83) Penalty, see § 10.99


## § 110.22  TERM; PRO RATA CHARGES; EXPIRATION DATE; RENEWAL.

The term of the license or permit required by this subchapter shall be for a one year period. Should the initial such permit or license to each applicant be issued at any time other than January 1 or 2 of each calendar year, such applicant shall be charged and shall pay a first such license or permit fee in a pro rata amount for the remaining portion of the calendar year in which initially issued, and with the remaining portion of the month in which issued to count as a full month in determining the pro rata charge for such initial license or permit fee. Such initial license or permit shall expire on December 31 of the calendar year in which issued, and the holder thereof, as a lawful prerequisite to continue the handling of alcoholic beverages as authorized by such license or permit, shall first obtain a renewal license or permit for the succeeding calendar year and each calendar year thereafter during which the handling of such alcoholic beverages is conducted by the holder of such license.
('73 Code, § 3-18) (Ord. 71-5, passed 2-17-71)


## § 110.23  FORM; DISPLAY.

The license or permit required by this subchapter shall be on a form prescribed by the Director of Finance and such license shall be displayed at all times in some conspicuous place within the premises and place of business of the person or entity holding such permit or license.
('73 Code, § 3-19) (Ord. 71-5, passed 2-17-71) Penalty, see § 10.99

EXHIBIT " *B* "

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S | § | |
| MEXICAN RESTAURANT | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
| DEFENDANTS | § | |

AFFIDAVIT OF JANE STOUT
CITY OF HARLINGEN, TEXAS POLICE DEPARTMENT

STATE OF TEXAS          §

COUNTY OF CAMERON       §

Before me, the undersigned authority, personally appeared Jane Stout, who, being by me duly sworn, deposed as follows:

My name is Jane Stout, I am of sound mind, capable of making this affidavit, over 18 years of age, and personally acquainted with the facts herein stated:

I am the custodian of records for the City of Harlingen, Texas Police Department. Attached hereto is one page of records from the City of Harlingen, Texas Police Department. This record is kept by the City of Harlingen, Texas Police Department in the regular course of business, and it was the regular course of business of the City of Harlingen, Texas Police Department for an employee or representative of the City of Harlingen, Texas Police Department,

Bouls: Affidavit of Jane Stout
City of Harlingen, Texas Police Department                    Page 1

with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The record attached hereto are the original or exact duplicates of the original.

_____
JANE STOUT, Custodian of Records
CITY OF HARLINGEN, TEXAS P.D.

SWORN TO AND SUBSCRIBED before me the said JANE STOUT on this 24th day of _____May_____ , 200___.

_____
NOTARY PUBLIC, State of Texas

NORMA G. DELGADO
Notary Public, State of Texas
My Commission Expires
NOV. 5, 2002

Printed Name: _NORMA G. DELGADO_

My commission expires: _11/05/02_

STATE OF TEXAS
COUNTY OF CAMERON
CITY OF HARLINGEN
IN THE MUNICIPAL COURT OF
HARLINGEN TEXAS

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

**FOR COURT USE ONLY**

Personally appeared before me the undersigned authority, this affiant, who after being duly sworn deposes and says he has good reason to believe and does believe that the defendant hereinafter named, on the date of the violation shown below and before the making and the filing of this complaint (being the operator of a motor vehicle upon a public highway) and within the corporate limits of the City of Harlingen, Cameron County, Texas did then and there violate the law in the particulars hereafter specified.

| Name of Defendant | Driver's License # | State |
|---|---|---|
| Rouls, Paul | 13070143 | TX |

| Residence Address * | | Class |
|---|---|---|
| Rt 3 Bx 452 Palm Dr. | | ( ) CDL ( ) A ( ) B (X) C ( ) M |

| City and State * | Res. Phone * | Hair * | Eyes * | Sex * | Hgt. * | Date of Birth |
|---|---|---|---|---|---|---|
| H. TX | | Bro Bro | M | 5'6" | 6-13-58 |

| Race | Descent | | Stated by Person |
|---|---|---|---|
| ☐ Black ☐ White ☐ Other | ☐ Hispanic ☐ Caucasian ☐ African ☐ Asian ☐ Native American | ☐ Stated by Person ☐ Determined by Officer | |

| Place of Employment * | Occupation * | Bus. Phone * |
|---|---|---|
| Kiros | | |

Violation
☐ Speeding _____ M.P.H. in a _____ M.P.H Zone  Radar # _____
☐ Red Light   ☐ MVI Sticker Invalid   ☐ Imp. Parking In Handicap Area   ☐ No Driver's License -
☐ Stop Sign   ☐ Improper Parking   ☐ Fail to Yield Right of Way   Class _____
☐ Improper Turn   ☐ Registration Invalid   ☐ Failure to Maintain Financial Responsibility

| Seat Belt   ☐ Driver   ☐ Child Under 4 or less than 36 inches | Date of Violation | Time |
|---|---|---|
| Violation   ☐ Passenger   ☐ Passenger Under 17 | 3-17-02 | 12:00 P.M. |

Other Violations
Explanation: City Ordinance 110.05  Offered house explicit where intoxicants sold

| Direction of Travel | Location | ☐ Collision | Weather Conditions |
|---|---|---|---|

| Serious Traffic Violation (Commercial Vehicle Only) | ☐ Speeding 15 or over _____ M.P.H. in a _____ M.P.H. Zone |
|---|---|
| | ☐ CDL Violation (6687b-2 VCS)   ☐ Improper Lane Change |
| | ☐ Reckless Driving   ☐ Following Too Closely |

| Vehicle License # | State | Year | Make |
|---|---|---|---|

**COURTSETTING**

| VEHICLE | Year | Color | Model Type | TIME 9:00 A.M. | Month 3 | Day 29 | Year 02 |
|---|---|---|---|---|---|---|---|

Contrary to and in violation of the ordinance of said City and the law of the State in such cases made and provided, against the peace and dignity of the State.

* I agree to appear as directed, THIS IS NOT A PLEA OF GUILTY

| (Affiant) X _Amy Seiger_ | Officer: | No. |
|---|---|---|

Sworn to and subscribed before me by Affiant, this the _____ day of _____, A.D. 20 _____

(Deputy) Clerk of the City of Harlingen, Cameron County, Texas        *Item not a part of this complaint and sworn to.

White - Court Original     Green - Violator     Pink - Court Copy

261162

EXHIBIT "  "

CITY OF



HARLINGEN

## CAPITAL OF THE LOWER RIO GRANDE VALLEY
"WORKING AS A TEAM TO PROVIDE QUALITY SERVICE WITH RESPECT AND FAIRNESS TO ALL CITIZENS"

### C E R T I F I C A T I O N

I, Sylvia R. Trevino, hereby certify that I am the duly authorized City Secretary of the City of Harlingen, charged with keeping the records of the City of Harlingen, and that the attached is a true and correct copy of the General Penalty provisions as stated in the Harlingen Code Book of Ordinances.

In witness whereof, I hereto set my hand and affix the official seal of the City of Harlingen this 23rd day of May, 2002.

Sylvia R. Trevino, City Secretary

(Seal)

*"Recipient Of Keep Texas Beautiful Governor's Achievement Award"*

118 E. TYLER     ●     P.O. BOX 2207     ●     HARLINGEN, TEXAS 78551     ●     (956) 427-8700

(B) Any ordinance which is proposed to add to the existing code a new chapter or section shall indicate, with reference to the arrangement of this code, the proper number of such chapter or section. In addition to such indication thereof as may appear in the text of the proposed ordinance, a caption or title shall be shown in concise form above the ordinance.

## § 10.18 SECTION HISTORIES; STATUTORY REFERENCES.

(A) As histories for the code sections, the specific number and passage date of the original ordinance, and the most recent three amending ordinances, if any, are listed following the text of the code section. *Example:* (Ord. 10, passed 5-13-60; Am. Ord. 15, passed 1-1-70; Am. Ord. 20, passed 1-1-80; Am. Ord. 25, passed 1-1-85)

(B) (1) If a statutory cite is included in the history, this indicates that the text of the section reads substantially the same as the statute.
*Example:* TEX. GOV'T CODE, § 3402.004 (Ord. 10, passed 1-17-80; Am. Ord. 20, passed 1-1-85).

(2) If a statutory cite is set forth as a "statutory reference" following the text of the section, this indicates that the reader should refer to that statute for further information.
*Example:*

### § 39.01 PUBLIC RECORDS AVAILABLE.

This municipality shall make available to any person for inspection or copying all public records, unless otherwise exempted by state law.
*Statutory reference:*
    *For provisions concerning the inspection of public records, see* TEX. GOV'T CODE, §§ 551.001 through 551.146

(C) If a section of this code is derived from the previous code of ordinances of the city published in 1973 and subsequently amended, the 1973 code section number shall be indicated in the history by "('73 Code, § ___)."

## § 10.99 GENERAL PENALTY.

(A) Whenever in this code or in any ordinance of the city an act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or whenever in such code or ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, and no specific penalty is provided therefor, the violation of any such provision of this code or any such ordinance shall be punished by:

(1) A fine not to exceed $2,000 in all cases arising under municipal ordinances that govern fire safety, zoning and public health and sanitation other than vegetation and litter violations;

(2) A fine not to exceed $2,000, if a motor vehicle is used in illegal dumping or an offense under the law or city ordinance violated by the illegal dumping;

(3)  A fine not to exceed $500 in all other cases, provided, however, that no penalty shall be greater or less than the penalty provided for the same or a similar offense under the laws of the state.

(B) Each day any violation of this code or of any ordinance shall continue shall constitute a separate offense. In the event that any such violation is designated as a nuisance under the provisions of this code, such nuisance may be summarily abated by the City Manager or the Chief of Police or their assigns.

*Statutory reference:*
*Municipal penalties, see* TEX. LOC. GOV'T CODE, § 54.001
*Civil penalties for ordinance violations, see* TEX. LOC. GOV'T CODE, § 54.017