United States District Court
Southern District of Texas
FILED

JUN 1 2 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT PLAINTIFFS | § § § § |
| VS. | § § |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE DEFENDANTS | § § § § § |

CAUSE NO. B-02-078

### KIKO PLAINTIFFS' ORIGINAL ANSWER TO CITY DEFENDANTS ORIGINAL COUNTERCLAIM AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

May It Please The Court:

NOW COMES PLAINTIFFS, PAUL BOULS and KIKO'S MEXICAN RESTAURANT (hereafter "KIKO PLAINTIFFS"), and file this Original Answer to City Defendants' Original Counterclaim and Application for Temporary and Permanent Injunctive Relief (hereafter "Defendants Counterclaim").

#### A. Admissions and Denials

1.  With respect to Paragraph 2 of Defendants Counterclaim KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that Defendants Counterclaim can be brought pursuant to Subchapter B, Chapter 54 of the Texas Local Government Code. KIKO PLAINTIFFS assert that this

1

paragraph contains propositions of law. KIKO PLAINTIFFS are not required to admit or deny propositions of law.

2. With respect to Paragraph 2 of Defendants' Counterclaim KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that this Court has pendant-claim jurisdiction over all state matters pursuant to 28 U.S.C. §1367(a). KIKO PLAINTIFFS assert that this paragraph contains propositions of law. KIKO PLAINTIFFS are not required to admit or deny propositions of law.

3. With respect to Paragraph 3, Roman numeral I, Section (A), KIKO PLAINTIFFS admit the allegations.

4. With respect to Paragraph 4, Roman numeral I, Section (B), KIKO PLAINTIFFS admit the allegations.

5. With respect to Paragraph 5, Roman numeral I, Section (C), KIKO PLAINTIFFS admit that the City Ordinance at issue is the City's Business Regulations/Noise Ordinance, specifically subsection 110.05. However KIKO PLAINTIFFS deny that the Ordinance is the only applicable law.

6. With respect to Paragraph 5, Roman numeral I, Section (D), KIKO PLAINTIFFS deny that subsection (1) is a description of the alleged violation or a description of the City Ordinance at issue.

7. With respect to Paragraph 5, Roman numeral I, Section (D), Subsection (1), KIKO PLAINTIFFS deny KIKO PLAINTIFFS have failed to control the noise level at Kiko's Mexican Restaurant. Furthermore KIKO PLAINTIFFS deny that the noise level at Kiko's Mexican Restaurant has become excessive and disruptive to the adjacent residential property owners.

8. With respect to Paragraph 7, Section (E), of Defendants Counterclaim, KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that this matter is properly brought before this Court pursuant to TEX. LOC. GOVT. Code §54.012(5) or that TEX. LOC. GOVT. Code §54.012(5) is applicable to City of Harlingen Ordinance §110.05. KIKO PLAINTIFFS assert that this paragraph contains propositions of law. KIKO PLAINTIFFS are not required to admit or deny propositions of law.

9. With respect to Paragraph 8, Roman numeral II, KIKO PLAINTIFFS admit that KIKO PLAINTIFFS lawsuit is partly based upon the enforcement of a city ordinance by the CITY but deny that this encompasses the complete basis of the lawsuit.

10. With respect to Paragraph 8, Roman numeral II, KIKO PLAINTIFFS admit that KIKO PLAINTIFFS alleged that they

      were cited and Paul Bouls arrested based upon the enforcement of a city ordinance.

11. With respect to Paragraph 8, Roman numeral II, KIKO PLAINTIFFS admit that KIKO PLAINTIFFS built a cabana style addition to Kiko's that allowed for seating outdoors and that Kiko's began to present live music and karaoke in the outdoor cabana area.

12. With respect to Paragraph 8, Roman numeral II, KIKO PLAINTIFFS admit that the Harlingen Police Department began to receive complaints regarding the noise level and bass coming from Kiko's but KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that those complaints began after Kiko's began to present live music and karaoke in the outdoor cabana area.

13. With respect to Paragraph 8 of Defendants Counterclaim KIKO PLAINTIFFS admit that Harlingen Police checked the noise level at Kiko's during an eight month period but are without knowledge or information sufficient to form a belief as to the truth of the averment that such complaints were each based upon citizen, i.e. residential neighbors, complaints.

14. With respect to Paragraph 8 of Defendants Counterclaim KIKO PLAINTIFFS admit that on March 17, 2002, City of Harlingen Police officers visited Kiko's but are

without knowledge or information sufficient to form a belief as to the truth of the averment that such visit was based on multiple citizen complaints of noise.

15. With respect to Paragraph 8 of Defendants Counterclaim KIKO PLAINTIFFS admit that the investigating officers cited Paul Bouls pursuant to the applicable city ordinance §110.05.

16. With respect to Paragraph 8 of Defendants Counterclaim KIKO PLAINTIFFS admit that Mr. Bouls was taken into custody but deny that Mr. Bouls willfully and unreasonably refused to sign for the citation and promise to appear in court.

17. With respect to Paragraph 9, Roman Numeral III of Defendants Counterclaim, KIKO PLAINTIFFS admit the allegations contained therein.

18. With respect to Paragraph 10, Roman Numeral IV of Defendants Counterclaim, KIKO PLAINTIFFS admit that the City of Harlingen Police Department cited Paul Bouls, owner and operator of Kiko's with a citation for violating Ordinance §110.05 but KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that such citation was the result of numerous complaints regarding noise over an eight month period from adjoining residential neighbors.

19. With respect to Paragraph 10, Roman Numeral IV of Defendants Counterclaim, KIKO PLAINTIFFS admit that this was the second time Kiko's had been cited under such ordinance.

20. With respect to Paragraph 10, Roman Numeral IV of Defendants Counterclaim, KIKO PLAINTIFFS admit that the penalty for such violation is found under City of Harlingen Ordinance §10.99, a Class C Misdemeanor.

21. With respect to Paragraph 10, Roman Numeral IV of Defendants Counterclaim, KIKO PLAINTIFFS are without knowledge or information sufficient to form a belief as to the truth of the averment that this matter is properly brought before the Court to request civil enforcement of said ordinance pursuant to Tex. Loc. Govt. Code §54.012(5). KIKO PLAINTIFFS assert that this paragraph contains propositions of law. KIKO PLAINTIFFS are not required to admit or deny propositions of law.

22. With respect to Paragraph 11, Roman Numeral V of Defendants Counterclaim, KIKO PLAINTIFFS deny the material factual characterizations and any legal conclusion contained in this paragraph. KIKO PLAINTIFFS assert that this paragraph contains propositions of law. KIKO PLAINTIFFS are not required to admit or deny propositions of law. Further KIKO PLAINTIFFS specifically deny that the persons and property of the

adjoining residential neighborhood will suffer injury and/or an adverse health impact if the City's ordinance is not enforced.

23. With respect to Paragraph 12, Roman Numeral V of Defendants Counterclaim, KIKO PLAINTIFFS deny the material factual characterizations and any legal conclusion contained in this paragraph. KIKO PLAINTIFFS specifically deny that the effect of the enforcement of the Ordinance would be to prohibit the excessive and/or offensive noise. KIKO PLAINTIFFS specifically deny that there is an assault on the tranquility of the adjoining residential neighbors.

24. With respect to Paragraph 13, Roman Numeral VI of Defendants Counterclaim, KIKO PLAINTIFFS deny the material factual allegations and characterizations and deny that the CITY DEFENDANTS are entitled to any of the legal or equitable relief requested.

25. With respect to Paragraph 14, Roman Numeral VI of Defendants Counterclaim, KIKO PLAINTIFFS deny the material factual allegations and characterizations and deny that the CITY DEFENDANTS are entitled to any of the legal or equitable relief requested.

26. With respect to Paragraph 15, Roman Numeral VI of Defendants Counterclaim, KIKO PLAINTIFFS deny that CITY

DEFENDANTS are entitled to any further appropriate relief requested.

## B. Affirmative Defenses

27. KIKO PLAINTIFFS hereby assert the affirmative defense of **ILEGALITY** in that Harlingen City Ordinance §110.05 is void because it is illegal. Furthermore an illegal ordinance can never provide the basis for a cause of action. *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F. 3d 156, 163 (3d Cir. 1995).

28. KIKO PLAINTIFFS hereby assert the affirmative defense of **RES JUDICATA**. *Garry v. Geils,* 82 F. 3d 1362, (7th Cir. 1996); *U.S. v. Shanbaum,* 10 F. 3d 305, 312 (5th Cir. 1994). Res Judicata bars recovery in that this issue has already been heard and disposed of in another forum, namely Harlingen Municipal Court. This issue has been prosecuted criminally in a municipal forum and dismissed in favor of KIKO PLAINTIFFS. Furthermore CITY DEFENDANTS have asked a state court for affirmative relief for this same set of facts as in Defendants Counterclaim. This claim is currently set for trial in the Harlingen Municipal Court on June 19, 2002. Therefore CITY DEFENDANTS have waived their right to removal on Defendants Counterclaim.

29. KIKO PLAINTIFFS hereby assert the affirmative defense of **LACHES** in that the long delay in asserting this

claim has prejudiced KIKO PLAINTIFFS in a sort of legal ambush. A claim for violation of the City Ordinance under this set of facts was originally set for trial on March 29, 2002 in the Municipal Court of Harlingen.

30. KIKO PLAINTIFFS hereby assert the affirmative defense of **Administrative Limitations and Exhaustion Requirements** with respect to any and all limitation periods applicable to any and all statutory causes of action asserted by CITY DEFENDANTS, including any administrative limitations periods applicable to Defendants Counterclaim whether state or federal in nature, imposed by law.

### C. Conditions Precedent

31. CITY DEFENDANTS have not performed all conditions precedent that they are required to perform before invoking the court's jurisdiction for Defendants Counterclaim. Defendants Counterclaim has not properly been removed pursuant to 28 U.S.C. §1331, §1367 or §1446.

### D. Conclusion and Prayer For Relief

THEREFORE, based on the foregoing specific denials, affirmative defenses and lack of conditions precedent pleaded against CITY DEFENDANTS, KIKO PLAINTIFFS request that upon final hearing of this case, that all relief sought by CITY DEFENDANTS be denied, that a take nothing judgment

with respect to Defendants .Counterclaim be entered against CITY DEFENDANTS, and that KIKO PLAINTIFFS be awarded such other relief, at law or in equity, to which it may show itself justly entitled.

SIGNED on the 12 day of June 2002.

Respectfully Submitted,

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By_____
DAVID SILLER GONZALES III
Attorney in Charge
Texas State Bar Number 24010060
Federal I.D. Number 25672

**Certificate of Service**

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the 12th day of June, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_____
DAVID S. GONZALES III