United States District Court
Southern District of Texas
FILED

JUN 2 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT<br>§ § § § PLAINTIFFS § § § § VS. § § § § CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE § § § § DEFENDANTS § | CAUSE NO. B-02-078 |

## KIKO PLAINTIFFS' BRIEF IN SUPPORT OF DECLARATORY JUDGMENT

May It Please The Court:

NOW COMES PLAINTIFFS, PAUL BOULS and KIKO'S MEXICAN RESTAURANT (hereafter "KIKO PLAINTIFFS"), and files this brief in support of Kiko Plaintiffs' Petition for Declaratory Judgment.

### INTRODUCTION

1. Pauls Bouls and Kiko's Mexican Restaurant are Plaintiffs and Counter-Defendants. City of Harlingen and Harlingen Police Chief Michael Blake are Defendants and Counter-Plaintiffs (hereafter "CITY DEFENDANTS").

2. KIKO PLAINTIFFS sued CITY DEFENDANTS in state district court for various Texas and United States constitutional violations stemming from the enforcement of Harlingen Municipal Ordinance §110.05. KIKO PLAINTIFFS filed for both injunctive relief on April 8, 2002 and declaratory relief on April 16, 2002 to prevent the enforcement of the ordinance and have it declared unconstitutional.

3. On April 16, 2002, CITY DEFENDANTS filed their notice of removal based on federal question jurisdiction. On April 24, 2002, CITY DEFENDANTS' filed their supplemental notice of removal again based on federal question jurisdiction.

4. CITY DEFENDANTS filed an Original Answer to Plaintiffs' Application for Temporary and Permanent Injunctive Relief and Original Petition for Declaratory Judgment on April 30, 2002.

5. CITY DEFENDANTS then filed an Original Counterclaim and Application for Temporary and Permanent Injunctive Relief on May 24, 2002 under pendant jurisdiction for civil enforcement of Harlingen Municipal Ordinance §110.05.

## CITY ORDINANCE AT ISSUE

### §110.05 Excessive or Offensive Noise Prohibited Where Intoxicants Sold.

It shall be unlawful for any licensee or permittee under the Texas Liquor Control Act, his agent, servant or employee, on premises under his control to maintain or permit a radio, television machine, amplifier, loudspeaker, public address system, piano, phonograph, music machine, orchestra, band, singer, speaker, entertainer, or any other device or person which produces, amplifies, or projects music, noise, or other sound which is loud, vociferous, vulgar, indecent, lewd, or otherwise offensive to the public on or near the license premises. ('73 Code, §18-1.1)(Ord. 74-8, passed 3-20-74)

## ARGUMENT AND AUTHORITIES

A. **Texas State courts have already deemed the terms vulgar, indecent, lewd and offensive unconstitutional when such terms are not defined.**

It should be noted from the onset that the City Ordinance in question substantially mirrors the language of TEX. ALC. BEV. Code §104.01 (hereinafter §104.01) that reads, in relevant part, as follows:

### §104.01. Lewd, Immoral, Indecent Conduct

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:
(1) the use of loud and vociferous or obscene, vulgar, or indecent language, or permitting its use;...
(6) permitting lewd or vulgar entertainment or acts;

Both enactments deal with the agents and assigns of persons permitted to sell alcohol. Both enactments prohibit conduct which can be described as lewd, indecent, offensive, loud, vociferous or vulgar. The Statute's construction however leads to the interpretation that the enumerated acts §104.01(1) and §104.01(6) exemplify, define or clarify conduct "which is lewd, immoral, or offensive to public decency, " whereas the City Ordinance merely lists six adjectives disjunctively as a description of prohibited conduct.

Texas cases have held portions of §104.01 to be unconstitutional on a term-by-term basis.

In *Irven v. State*, 138 Tex.Cr.R. 368, 136 S.W.2d 608 (Tex.Cr.App.1940), this Court addressed the constitutionality of the predecessor to the above provision [§104.01] and held that, since the term **"offensive to public** decency" was not defined and was in itself too indefinite to be enforced, that part of the statute making it an offense for a liquor licensee to permit conduct on the premises that was "lewd, immoral or offensive to public decency" was invalid.

In *Courtemanche v. State*, 507 S.W.2d 545 (Tex.Cr.App.1974), we held that the amendment to the statute, Article 667-19B(g), V.A.P.C., which made it an offense for a beer retailer "permitting entertainment, performances, shows or acts that are **lewd** or **vulgar**" still suffered from a lack of defined terms and was unconstitutionally too vague to be enforceable.

Despite this, the Texas Legislature failed to delete the offending portions of the statute or to define the "**lewd**" or "**vulgar**" acts a beer retailer is proscribed from permitting. Instead, the Legislature has simply moved the offending provision from the Penal Code to the Alcoholic Beverage Code, almost word for word identical to the unconstitutional predecessors. We hold that in that new location it is still too vague to be enforceable. Quoting *Wishnow v. State*, 671 S.W.2d 515, 516 (Tex. Crim. App. 1984)(No. 671-82).

The underlying rationale for declaring portions of §104.01 unconstitutional is based on the Texas legislature's failure to define relevant terms. It should be noted that the City of Harlingen has also failed to provide any definitions of the proscribed conduct. It is therefore KIKO PLAINTIFF'S contentions that the City Ordinance must necessarily be declared unconstitutional under Texas Law and Federal Law upholding Texas Law.

**B.   A Federal Court interpreting Texas and United States law has deemed the term "loud and vociferous" as unconstitutional.**

A Per Curiam United States District Court for the Western District ruled that Texas' 'Disturbing the Peace' statute, Vernon's ANN. TEX. PEN. Code, Art. 474 (1952) (hereinafter Article 474) which prohibits the use of 'loud and vociferous * * * language * * * in a manner calculated to disturb the person or persons present' is, on its face, unconstitutional. The Court reasoned, "the provision regarding the use of **loud and vociferous** language would, on its face...make[s] a crime out of what is protected First Amendment activity." *University Committee to End War in Viet Nam v. Gunn*, 289 F. Supp. 469, 475 (W.D.Tex. Apr 10, 1968) (NO. CIV. 67-63-W)(appeal dismissed by *Gunn v. University Committee to End War in Viet Nam*, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (U.S.Tex. Jun 29, 1970) (NO. 7)). The Court additionally ruled, "Article 474

4

must be added to the list of statutes which 'leave to the executive and judicial branches too wide a discretion in the application of the law.' It 'leaves wide open the standard of responsibility,' relying on 'calculations as to the boiling point of a particular person or a particular group, not an appraisal of the nature of the comments per se.' For this additional reason, Article 474 is vulnerable to constitutional attack." *Id* at 476.

This analysis is extremely relevant in determining the constitutionally of the City Ordinance. Article 474 dealt with persons "into or near any public place, or into or near any private house" which used language considered "loud **and** vociferous" and directed such to other persons. *Gunn v. University Committee to End War in Viet Nam*, 399 U.S. 383, 90 S.Ct. 2013, 2015, 26 L.Ed.2d 684 (U.S.Tex. Jun 29, 1970) (NO. 7). The City Ordinance, on the other hand, uses the terms "loud" and "vociferous" disjunctively, giving each term much broader application. In addition, the City Ordinance prohibits not only language but expands application to various forms of noise, which originate not only from the premises but also **near** the premises of the accused. It would be difficult to conceive of a constitutional interpretation of "loud" or "vociferous" as used in the City Ordinance given the failure to define either term or its potentially broader application to proscribed conduct.

C. **The City Ordinance in question is unconstitutionally vague and overly broad as applied to KIKO PLAINTIFFS under the Texas and United States Constitutions.**

Since the City Ordinance is criminal in nature it may be held facially invalid even though it may not be unconstitutional as applied to a defendant's conduct. *Gooding v.*

5

*Wilson*, 405 U.S. 518, 521, 92 S.Ct. 1103, 1105 (1972). Nonetheless, an 'as applied' analysis reveals with clarity the unconstitutional nature of the City Ordinance.

Kiko's Mexican Restaurant is located on Business Highway 83 in Harlingen, Texas. The property is zoned General Retail not Residential and is designed for the primary purpose of general retail sales. The property is located across the street from railroad tracks that are used on a daily basis and which commonly reach decibel limits in excess of 85-decibels.

In addition, on June 4, 2001 the City of Harlingen informed Kiko's management that they would be able to operate their outdoor cabana at an 85-decibel level. The City of Harlingen went on to reject a proposed noise-ordinance on October 3, 2001, that would have lowered decibel levels to 75, 70, 60-decibels depending on the time of day. The City of Harlingen instead chose to acknowledge and enforce an 85-decibel limit for the entire City. This was done in a direct response to Kiko's Mexican Restaurant Outdoor Cabana to reaffirm the City's approval of Kiko's operation within the 85-decibel limit.

Harlingen Police Officers checked decibel levels at Kiko's Cabana more than one hundred times allegedly in response to complaints of **loud** music yet no one from Kiko's was ever arrested. Each time noise levels were checked, Kiko's was informed they were in compliance with the City's law. During some of these noise level checks, Kiko's employed four and five member bands with amplified music. Then on March 17, 2002, Paul Bouls, owner and manager at Kiko's, was arrested for violating City Ordinance §110.05. The Harlingen Police Officer did not take any decibel readings nor did he

inform the Paul Bouls of the reason for the citation. At the time Kiko's employed a sole acoustic guitar player to entertain the patrons in the outdoor cabana.

KIKO PLAINTIFFS concede that a municipality may impose restrictions which have a reasonable basis and which reasonably promote public welfare. However as applied the City Ordinance does not pass the "time, place, and manner" test as it is not content-neutral, not narrowly tailored to serve a significant government interest, and does not leave open ample alternative channels for communication. *Rahmani v. State*, 748 S.W. 2d 618, (Houston 1st dist.-1988) quoting *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984); *Ellwest Stereo Theatres v. Wenner*, 681 F.2d 1243, 1245-46 (9th Cir.1982).

As the Court stated in *Grayned v. City of Rockford*, "the nature of a place, 'the pattern of its normal activities, dictate the kinds of regulations of time, place, and manner that are reasonable.' ... The crucial question is whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time." 408 U.S. 104,116; 92 S.Ct. 2294,2303; 33 L.Ed.2d 222 (1972). The city thus must make some effort to tailor its ordinance in relation to place as well as time. *Reeves v. McConn*, 631 F.2d 377, (C.A.Tex., 1980). The City of Harlingen has refused to further regulate noise with respect to time and place and has zoned Kiko's Mexican Restaurant general retail.

Furthermore the City Ordinance criminalizes noise whose content is considered "vulgar", "indecent", "lewd" or "otherwise offensive" flunking the content-neutral prong of the "time, place, manner" test. Moreover although the City of Harlingen may

7

"establish its interest in the regulation by compiling a record with evidence that may be "reasonably believed to be relevant to the problem that the city addresses" the City of Harlingen has affirmatively denied having a problem with excessive noise levels by voting against greater noise restrictions. *Rahmani v. State*, 748 S.W. 2d 618, (Tex. App.-Houston [1st Dist.]1988) quoting *City of Renton v. Playtime Theatres*, 106 S.Ct. at 931; *SDJ, Inc. v. City of Houston*, 837 F.2d 1268, 1274 (5th Cir.1988).

Finally the City Ordinance does not leave ample alternative channels for communication as it criminalizes protected speech, on private property for the actual property owner.

The implication of First Amendment freedoms sets the bar even higher for the City Ordinance to be constitutional. Such an ordinance must be drafted sufficiently definite to avoid chilling protected expression and demands a greater degree of specificity than in other contexts. *Grayned*, 408 U.S. at 108, 92 S.Ct. at 2298-99. The City Ordinance has clearly failed in this respect.

Additionally as Paul Bouls discovered on March 17, 2002, the City Ordinance fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and fails to establish guidelines for law enforcement as required to avoid a vagueness challenge. *Grayned*, 408 U.S. at 108, 92 S.Ct. at 2298-99. Paul Bouls was conducting his business under the guidelines given to him by the City of Harlingen and the officer that arrested him gave no indication as to the reason of his arrest.

It is abundantly clear that as applied and on its face the City Ordinance in question is unconstitutional. It violates due process, the First Amendment via the Fourteenth

Amendment to the United States Constitution and Article I, Section 8, of the Texas Constitution. In addition, each descriptive term of proscribed conduct in the City Ordinance has been held to be unconstitutional by previous cases and under the doctrine of *stare decisis* should be so held today.

### PRAYER FOR RELIEF

For the reasons stated in this brief, KIKO PLAINTIFFS ask the Court to grant Kiko Plaintiffs' Petition for Declaratory Judgment. Plaintiffs pray that Plaintiffs be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully Submitted,

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By _____
DAVID SILLER GONZALES III
Attorney in Charge
Texas Bar Number 24010060
Federal I.D. Number 25672

## Certificate of Service

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the 21 day of June, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_____
DAVID S. GONZALES III