UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT<br>PLAINTIFFS | § § § § | |
| VS. | § § | CAUSE NO. B-02-078 |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE<br>DEFENDANTS | § § § § | |

### KIKO PLAINTIFFS' REPLY TO CITY OF HARLINGEN'S BRIEF ON FACIAL CONSTITUTIONALITY OF ORDINANCE SECTION 110-05, HARLINGEN CODE OF ORDINANCES

May It Please The Court:

NOW COMES PLAINTIFFS, PAUL BOULS and KIKO'S MEXICAN RESTAURANT (hereafter "KIKO PLAINTIFFS"), and files this reply to City of Harlingen's (hereafter "CITY DEFENDANTS") brief on facial constitutionality of ordinance section 110.05, Harlingen code of ordinances (hereafter "ORDINANCE").

### INTRODUCTION

The City Ordinance §110.05 is unconstitutional under the Texas and United States Constitution, both facially and as applied to KIKO PLAINTIFFS. The Ordinance is vague and overly broad in violation of the First Amendment of the United States Constitution, Article I Section 8 of the Texas Constitution and fails to afford Due Process or Due Course of Law.

## ARGUMENT AND AUTHORITIES

CITY DEFENDANTS have failed to provide any cases that directly address relevant language in the ORDINANCE; whereas, KIKO PLAINTIFFS have cited both State and Federal cases finding specific terms in the ORDINANCE unconstitutional.

CITY DEFENDANTS cite *Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1990); *Grayned v. City of Rockford*, 408 U.S.104 (1972) and *Kovacs v. Cooper*, 336 U.S. 77 (1949) as relevant authority but fail to elaborate on the relevance of such cases to the City ORDINANCE. A cursory reading distinguishes these cases from the ORDINANCE at hand in that *Ward* regulates rock concerts on public property not private property. Similarly *Kovacs* regulates sound trucks on public roads and other public places. And *Grayned* regulates noises intended to disturb school function.

Additionally, CITY DEFENDANTS assert that the ORDINANCE is not overbroad. (Paragraph V, Section B of CITY DEFENDANTS' brief). However, the Supreme Court has stated that the first step in an overbreadth challenge is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnotes omitted). It is difficult argue that sound in its various forms which is "loud, vociferous, vulgar, indecent, lewd or otherwise offensive" does not include a substantial amount of constitutionally protected conduct, and in fact, CITY DEFENDANTS have failed to address this issue.

CITY DEFENDANTS application of the "Time, Place, Manner" Test provided in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 928, 89 L.Ed.2d 29

(1986) is not rationally sound. CITY DEFENDANTS assert the ORDINANCE is 'narrowly tailored' because it only applies establishments regulated by the Texas Liquor Control Act. (Section IV of CITY DEFENDANTS' brief). This proposition is flawed because it does not address **where** such establishments may be located, **when** such noise would be illegal, and yet prohibits **any and all** noise that is "loud, vociferous, vulgar, indecent, lewd, or otherwise offensive." Specifically the term "otherwise offensive" functions literally as a catchall phrase to make illegal anything one does not like. This gives police officers unfettered authority to arrest for potentially any sound made.

Application of this ORDINANCE leads to absurd results. Under this ORDINANCE the owner of a restaurant may be arrested in his own restaurant for saying, "Cops are pigs" or "Osama Bin Laden is doing the lords work" or for televising an episode of The O'Reilly Factor. Certainly each of these examples is protected First Amendment speech but the ORDINANCE as worded allows the owner to be arrested if someone in his restaurant within earshot considers such noises offensive. (Consider *Houston v. Hill*, 482 U.S. 451 (1987)).

## PRAYER FOR RELIEF

For the reasons stated in this reply brief, KIKO PLAINTIFFS ask the Court to grant Kiko Plaintiffs' Petition for Declaratory Judgment. Plaintiffs pray that Plaintiffs be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully Submitted,

3

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By_____
DAVID SILLER GONZALES III
Attorney in Charge
Texas Bar Number 24010060
Federal I.D. Number 25672

### Certificate of Service

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the __24__ day of June, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_____
DAVID S. GONZALES III

4