IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 5 2002

Michael N. Milby,
Clerk of Court

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND KIKO'S MEXICAN RESTAURANT PLAINTIFFS | § § § § | |
| VS | § § | CAUSE NO. B-02-078 |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE DEFENDANTS | § § § § | |

### CITY OF HARLINGEN'S
### RESPONSE TO KIKO PLAINTIFFS' BRIEF
### IN SUPPORT OF DECLARATORY JUDGMENT

May it Please the Court:

COMES NOW DEFENDANTS, the CITY OF HARLINGEN and POLICE CHIEF MICHAEL BLAKE (hereafter referred to as "CITY DEFENDANTS"), and file this their Response to Kiko Plaintiffs' Brief in Support of Declaratory Judgment.

### I.
### ARGUMENTS AND AUTHORITIES

A.  *City of Harlingen Has Authority to Impose and Implement Noise Ordinances*

There is no question that noise ordinances similar to the one now before this Court have been upheld as facially valid and constitutional by the United States Supreme Court. *See Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1989)(noise restrictions applicable to rock concert); *Grayned v. City of Rockford*, 408 U.S. 104 (1972)(conviction under noise ordinance upheld) and

*Kovacs v. Cooper*, 336 U.S. 77(1949)(conviction under anti-noise ordinance upheld).

Additionally, the Fifth Circuit Court has addressed noise ordinances in *Reeves v. McConn*, 631 F.2d 377(5th cir. 1980). The Fifth Circuit upheld sections of a City of Houston noise ordinance which used language similar to the City of Harlingen Ordinance to set standards of prohibited sound amplification. *Reeves*, 631 F.2d at 385-386(upholding the use of the words "loud", "raucous", "jarring", "nuisance" as standards to judge prohibited sound amplification)(quoting Kovacs, 336 U.S. at 79; Grayned, 408 U.S at 109-112). In its conclusion the Fifth Circuit Court expressly states the authority of a city to protect its citizens from noise, by holding the following:

> "We are certain that most citizens desire protection from unreasonable or disruptive levels of noise on the street and from uninvited noise within the privacy of their homes. We say nothing today that prevents the city from granting that protection. When the city fears or imminently threatens to cause, material and substantial disruption of the community or invasion of the rights of others."

*Reeves*, 631 F.2d at 388.

Plaintiffs themselves concede that the City of Harlingen "may impose restrictions which have a reasonable basis and which reasonably promote public welfare." See Kiko Plaintiffs' Brief at p. 7.

The permissible limits of such restrictions are governed largely by the "societal interests" to be served. *Metromedia, Inc. v. San Diego*, 453 U.S. 490, 501, n.8 (1981). Such "regulations" are permissible so long as (1) the regulation is within the constitutional power of the State or its authorized subdivision, (2) it furthers an important or substantial

governmental interest, (3) the governmental interest is unrelated to the suppression of free speech and (4) the incidental restriction on an alleged First Amendment freedom is no more than is essential for the furtherance of the governmental interest, the constitutional constrictions of the First Amendment are satisfied." *Heffron v. Int'l Soc. for Krishna Consc.*, Inc., 452 U.S. 640 648(1981); *Reeves v, McConn*, 631 F.2d at 386.

In this case that "societal interest" is the peace and tranquility of the homes of nearby residents. The U.S. Supreme Court has stated that "government 'has a substantial interest in protecting its citizens from unwelcome noise,'" *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 806,(1984)(citing *Kovacs v. Cooper*, 336 U.S. at 79), and "this interest is perhaps at its greatest when government seeks to protect 'the well-being, tranquility, and privacy of the home.'" *Frisby v. Schultz*, 487 U.S. at 484(1980)(quoting *Carey v. Brown*, 447 U.S. at 471(1980). The Court has further held that, "it is true that when a citizen is within the privacy of his home, the state has broad powers to safeguard his "very basic right to be free from sights, sounds, and tangible matter" he does not want."

"Government regulation of expressive activity is content neutral so long as it is justified without reference to the content of the regulated speech." *Rock Against Racism*, 491 U.S. at 791. The principal justification of the City of Harlingen noise ordinance is to control noise and to avoid undue intrusion into residential areas. This justification for the ordinance "has nothing to do with content, *Boos v. Barry*, 485 U.S. 312, 320(1988), and therefore it satisfies the requirement that time,

place, or manner regulations be content neutral." *Rock Against Racism*, 491 U.S. at 792.

The City of Harlingen ordinance does not permit punishment for the expression of an unpopular point of view, and it contains no broad invitation to subjective or discriminatory enforcement. It does not claim the broad power to punish all 'noises' and 'sounds." *Grayned v. City of Rockford*, 408 U.S. at 113. The City ordinance, as applied in this case, imposed only the restriction that the noise be kept to a reasonable level and did not both the privacy, peace and tranquility of the neighbors homes, who were the parties making the noise complaints. "[T]he First Amendment does not guarantee the right to employ every conceivable method of communication at all times and in all places." *Taxpayers*, 466 U.S. at 812.

City of Harlingen Ordinance 110.05 is facially valid and meets the constitutional constrictions of the First Amendment.

**B.  *Issue Before Court Is the Constitutionality of City of Harlingen Noise Ordinance under the United States Constitution***

The issue to be addressed by briefs as put forth by this Court was whether the City of Harlingen Noise Ordinance 110-05 is facially valid under the United States Constitution. To address this issue, Plaintiffs cited a U.S. Western District court case, *University Committee to End War in Vietnam v. Gunn*, 289 F.Supp.469(W.D. Tex. Apr. 10, 1968). This case would seem to run in the face of long line of United States Supreme Court cases, except if one should review the ordinance and circumstances surrounding the reasoning for the enforcement. In fact, the Kiko Plaintiffs case and the applicable noise ordinance cases are indentifiable different in facts and law.

*Gunn* was based upon the enforcement of a disturbing the peace statute as to demonstrations and protest marches. While, our case deals with noise and sound amplification not protected speech of the first order.

The differences in the factual scenario of the cases is best understood by the legal and academic division of legislative regulations within the zone of First Amendment protection, namely, (1) "encompassing government action aimed at communicative impact" and (2)"those encompassing government action aimed at noncommunicative impact but nonetheless having adverse effects on communicative opportunities". See *Jim Crockett Promotions v. City of Charlotte*, 706 F.2d 486, 492, n. 5(5th Cir. 1983). In *Gunn* the type of speech and activity falls within the first category, where the fear of the District Court and the United States Supreme Court was the pretextual effect of the statute being used to silence the message or a viewpoint. This would invoke a higher standard of review and understandable so. However, our present case falls under the second category in which the scrutiny of the regulation is much less rigid or strict. *Broadrick v. Oklahoma*, 413 U.S. 601, 614 (1973). The constitutional test under the second category is one of "'balancing' of the competing interests," and the regulation's restrictions on speech will be "acceptable so long as they do not unduly constrict the flow of information and ideas." *Jim Crockett Promotions, Inc. v. City of Charlotte*, 706 F.2d 486, 492, n.5(4th Cir. 1983). As to noise ordinances "scrutiny has generally been somewhat less rigid in the context of statutes regulating conduct in the shadow of the First Amendment, but doing so in a neutral noncensorial manner." *Broadrick*, 413 U.S. at 614; *Jim Crockett Promotions, Inc.*, 706

F.2d at 492-493(discussing the application of second category in *Grayned*, 408 U.S. 104, and *Reeves*, 631 F.2d 377 ).

Kiko Plaintiffs' reliance on *Gunn* is misplaced as they are asking the Court apply the incorrect standard for the review of the noise ordinance. See *Grayned* (city's anti-noise ordinance does not permit punishment for the expression of an unpopular view point thus bringing the ordinance within the category of regulations aimed at non-communicative impact); See also *Reeves*, 631 F.2D at 386. The United States Supreme Court and the Fifth Circuit Court have consistently applied a less strict standard of review when dealing with noise ordinances. See discussion supra. Therefore, this Court will find in applying the less standard for regulations "aimed at non-communicative impact but nonetheless having adverse affect on communicative opportunity" that the City of Harlingen ordinance is facially valid pursuant to the long line of United States Supreme Court cases dealing with noise ordinances.

C.  **Court of Criminal Appeals of Texas Cases Cited by Kiko Plaintiffs Are Not Authoritative in the Context of the Validity of the Ordinance under the United States Constitution**

The holdings of the Court of Criminal Appeals on the language "lewd", "vulgar", "indecent", and "offensive" do not clearly define the basis of how the Court reached its finding that such terminology was unconstitutionally vague. It is unclear whether the basis of such decisions is the Texas Constitution and United States Constitution. The issue presently being addressed to this Court in these briefs is the facial validity of the noise ordinance under the United State Constitution, since the Court of Criminal Appeals of Texas cases fail to delineate the basis of the determination of the validity

of such terms therefore they have no authoritative precedent under the United States Constitution.

D. *In the alternative, Severability of Disjunctive Terms Is the Proper Remedy, Not Outright Invalidation of Local Ordinance.*

Kiko Plaintiffs have stated that the City ordinance lists six adjectives disjunctively as a description of prohibited conduct. See Plaintiffs' Brief at p. 3. Additionally, Kiko Plaintiffs state that Texas cases have held *portions* of Tex. Alc. Bev. Code §104.01 to be unconstitutional on a *term-by-term* basis. See Kiko Plaintiffs' Brief at p. 3. CITY DEFENDANTS agree that the terms are disjunctive, meaning that they are separate and severable from one another. The Texas cases cited by Plaintiffs only address the terms " offensive to the public decency", "lewd", "vulgar".

Therefore, even should this Court find that some of the disjunctive adjectives as being unconstitutionally vague the excision of those disjunctive terms would not prevent the remainder of the ordinance from "'being fully operative as law,' embracing as valid the conduct identified in the other terms of th[e] [ordinance]." *Jim Crocket Promotions, Inc.*, 706 F. 2d at 489. Should the court find any terms within the ordinance to be vague, CITY DEFENDANTS would request that the Court excise the terms from the ordinance and uphold the remainder of the ordinance which would be operative as a law.

## CONCLUSION & PRAYER

Therefore, CITY DEFENDANTS request and pray that after due and proper consideration of their brief and this response that the Court make a judicial determination that the CITY OF HARLINGEN Ordinance No. 110.05 is constitutional on its face.

Finally, CITY DEFENDANTS request and pray for any such other additional and further relief, at law or in equity, to which they are justly entitled.

Signed on the 25th day of June, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
LAWRENCE J. RABB
State Bar No. 24002938
Fed. Dist. No. 23712

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 25th day of June, 2002.

Mr. David S. Gonzales                                     **By Hand-Delivery**
501 E. Tyler
Harlingen, Texas 78550

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB