IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT<br>Plaintiffs, | § § § § | |
| VS | § | CIVIL ACTION NO. B-02-078 |
| CITY OF HARLINGEN AND MICHAEL BLAKE, HARLINGEN POLICE CHIEF<br>Defendants. | § § § § § | |

United States District Court
Southern District of Texas
ENTERED
SEP 1 0 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER DENYING PLAINTIFFS' MOTION OF ATTORNEY'S FEES

Plaintiffs seek an award of attorney's fees under Texas Civil Practices and Remedies Code § 37.009, pursuant to a federal judgement granted in their favor. Both sides have favored this court with briefs, and inasmuch as this court determines the undermentioned law to be applicable, no subsequent hearing is necessitated.

Federal courts, when awarding attorney's fees, follow the "American Rule" in the absence of fee-shifting congressional legislation. Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). The American Rule stands for the proposition that the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). For Plaintiffs to succeed under the authority claimed, § 37.009 must be deemed a fee-shifting piece of congressional legislation calling for an abrogation of the American Rule.

The Fifth Circuit, in Self Insurance Institute of America, Inc. v. Korioth, 53 F.3d 694, 697 (5th Cir. 1995), held that §37.009 is neither substantive nor controlling, but rather is a state

procedural rule. Accordingly, federal rules are applicable, and consequently, § 37.009 does not constitute fee-shifting congressional legislation calling for an abrogation of the "American Rule" and entitling a party to attorney's fees.

This court exercised jurisdiction over this cause of action, previously removed from state court. 28 U.S.C.A. § 1331 (West 1993). Federal rules are controlling over this civil action. FED. R. CIV. P. 81(3). Federal declaratory judgements are regulated by 28 U.S.C.A. § 2201-02 (West 1994)(Declaratory Judgement Act) [1], and not Texas Civil Practices and Remedies Code § 37.009 (Texas Declaratory Judgement Act).

It is therefore, ORDERED that the motion for attorney's fees be **DENIED**.

DONE at Brownsville, Texas on this 10th of September 2002.

Filemon B. Vela
United States District Judge

---

[1] Even if Plaintiff asserted an entitlement to attorney's fees under federal procedural law, denial of the motion result. "Section 2201, which authorizes federal courts to grant declaratory relief, plainly does not grant a right to fees." Korioth at 697. Further, § 2202, which authorizes "further necessary or proper relief" in a declaratory action, does not provide statutory authority for an award of attorneys' fees. See Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir.1988).