UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL BOULS AND KIKO'S § | |
| MEXICAN RESTAURANT § | |
| PLAINTIFFS § | |
| § | |
| VS. § | |
| § | CAUSE NO. B-02-078 |
| CITY OF HARLINGEN AND § | |
| HARLINGEN POLICE CHIEF § | |
| MICHAEL BLAKE § | |
| DEFENDANTS § | |

**KIKO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

May It Please The Court:

NOW COMES PLAINTIFFS, PAUL BOULS and KIKO'S MEXICAN RESTAURANT (hereafter "KIKO PLAINTIFFS"), and request leave of court to file amended pleadings, KIKO PLAINTIFFS' First Amended Application for Temporary and Permanent Injunction and Petition and Declaratory Judgment.

### A. Introduction

1.  Paul Bouls and Kiko's Mexican Restaurant are Plaintiffs and Counter-Defendants. City of Harlingen and Harlingen Police Chief Michael Blake are Defendants and Counter-Plaintiffs (hereafter "CITY DEFENDANTS").

2.  KIKO PLAINTIFFS sued CITY DEFENDANTS in state district court for various Texas and United States constitutional violations stemming from the enforcement of Harlingen Municipal Ordinance §110.05. KIKO

     PLAINTIFFS filed for both injunctive relief on April 8, 2002 and declaratory relief on April 16, 2002.

3. On April 16, 2002, CITY DEFENDANTS filed their notice of removal based on federal question jurisdiction. On April 24, 2002, CITY DEFENDANTS' filed their supplemental notice of removal again based on federal question jurisdiction.

4. CITY DEFENDANTS filed an Original Answer to Plaintiffs' Application for Temporary and Permanent Injunctive Relief and Original Petition for Declaratory Judgment on April 30, 2002.

5. CITY DEFENDANTS then filed an Original Counterclaim and Application for Temporary and Permanent Injunctive Relief on May 24, 2002 under pendant jurisdiction for civil enforcement of Harlingen Municipal Ordinance §110.05.

6. On June 14, 2002, the Court grants CITY DEFENDANTS' Temporary Restraining Order.

7. On July 31, 2002, the Court dissolved CITY DEFENDANTS' Temporary Restraining Order and declared the City Ordinance at issue unconstitutional.

## 8. Argument

8. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis,* 371 U.S. 178,

2

182, 83 S.Ct. 227,230 (1962); see Fed. R. Civ. P. 15(a).

9. The Court should allow the filing of KIKO PLAINTIFFS' amended pleadings because Plaintiffs should be allowed to proceed or not proceed with any valid Texas claims.

10. CITY DEFENDANTS will not be prejudiced KIKO PLAINTIFFS' amended pleadings because amended pleadings merely correct clerical errors and abandon federal claims.

11. KIKO PLAINTIFFS' are filing their amended pleadings contemporaneously with this motion.

## 9. Conclusion

12. Leave is sought to remove federal claims and correct clerical errors. This request is done promptly and does not prejudice CITY DEFENDANTS. For these reasons, KIKO PLAINTIFFS ask the court to grant leave file amended pleadings.

Respectfully Submitted,

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By:_____
DAVID SILLER GONZALES III
Attorney in Charge
Texas State Bar Number 24010060
Federal I.D. Number 25672

3

## Certificate of Service

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the 30 day of September, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

*[signature]*
DAVID S. GONZALES III

## Certificate of Conference

I certify that on September 30, 2002, I conferred with Mr. Ricardo J. Navarro and he does oppose Plaintiffs' Motion for Leave of Court to File Amended Pleadings.

*[signature]*
DAVID S. GONZALES III

4