UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL BOULS AND KIKO'S MEXICAN RESTAURANT<br>PLAINTIFFS<br><br>VS.<br><br>CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE<br>DEFENDANTS | § § § § § § § § § § § CAUSE NO. B-02-078 |

### KIKO PLAINTIFFS' FIRST AMENDED PETITION AND DECLARATORY JUDGMENT

May It Please The Court:

NOW COMES PLAINTIFFS, PAUL BOULS and KIKO'S MEXICAN RESTAURANT, Plaintiffs herein, filing this Amended Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

A.   Plaintiffs, Paul Bouls and Kiko's Mexican Restaurant bring this action individually. Plaintiffs reside in Cameron County, Texas.

B.   Defendant City of Harlingen is Municipality, and may be

1

served with a citation *directed to Sylvia Trevino, City Secretary* at the following address: City Hall, 118 East Tyler Ave., Harlingen, Texas 78550. Service of said Defendant as described above can be effected by certified mail.

C. Defendant Harlingen Police Chief Michael Blake is an individual residing in the state of Texas, and may be served with process at his place of employment at the following address: 1102 South Commerce Street, Harlingen Texas 78550. Service of said Defendant as described above can be effected by certified mail.

D. The Office of the Attorney General for the State of Texas may be served with notice at the following address: Office of the Attorney General, John Cornyn, 209 West 14th Street, Price Daniel Building, Austin, Texas 78711. Service of the Attorney General as described above can be effected by certified mail.

### III. JURISDICTION AND VENUE

A. The subject matter in controversy is within the jurisdictional limits of this court.

B. This court has jurisdiction over the parties because Plaintiffs are Texas residents.

C. Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

2

Paul Bouls is the owner and manager of Kiko's Mexican Restaurant which is located in Harlingen, Texas at 5501 West Business 83. In February 2001, Paul Bouls obtained permits from the City of Harlingen to construct a cabana-style addition to Kiko's Mexican Restaurant. Before opening the cabana for business Paul Bouls approached the City of Harlingen for the applicable noise guidelines for the cabana. The City of Harlingen informed him that the applicable noise guideline for his cabana was Section 42.01 of the Texas Penal Code or more specifically not to exceed 85 decibels. Subsequently Paul Bouls opened for business. From June 2001 through September 2001, Police officers from the Harlingen Police department took decibel readings from Kiko's Mexican Restaurant property approximately 100 times, each time Paul Bouls and Kiko's Mexican Restaurant were informed they were in compliance with applicable law. Then on or about October 2001, Paul Bouls was cited with violation of Harlingen City Ordinance Section 110.05 (Excessive or Offensive Noise Prohibited Where Intoxicants Sold).

The ordinance reads as follows:

### §110.05 Excessive or Offensive Noise Prohibited Where Intoxicants Sold.

It shall be unlawful for any licensee or permittee under the Texas Liquor Control Act, his agent, servant or employee, on premises under his control to maintain or permit a radio, television machine, amplifier, loudspeaker, public address system, piano, phonograph, music machine, orchestra, band, singer, speaker, entertainer, or any other device or person

3

which produces, amplifies, or projects music, noise, or other sound which is loud, vociferous, vulgar, indecent, lewd, or otherwise offensive to the public on or near the license premises. ('73 Code, §18-1.1)(Ord. 74-8, passed 3-20-74)

That citation of Paul Bouls was later dismissed by the Harlingen City Prosecutor's own motion. Paul Bouls continued in operation until March 16, 2002.  Then on March 17, 2002, Paul Bouls was again cited for violating Harlingen City Ordinance Section 110.05. However this time Paul Bouls was arrested and escorted to jail.

## V. RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be partially terminated by the granting of declaratory judgment under Texas Law.  Plaintiffs therefore request that declaratory judgment be entered as follows: City of Harlingen, Ordinance No. 74-8, otherwise known as, Business Regulation Section 110.05 entitled <u>Excessive or Offensive Noise Prohibited Where Intoxicants Sold</u> **be declared unconstitutional under the Texas Constitution.**  In support of such request, plaintiffs submit the following reasons for declaratory judgment and causes of action:

    A.    The ordinance is unconstitutionally vague, as it does not give fair or adequate notice.  It violates due process and Article I, Section 8, of the Texas Constitution.  The ordinance fails to give a person of ordinary intelligence notice of the conduct prohibited. It restricts sound in its various forms that is "loud, vociferous, vulgar,

4

      indecent, lewd or otherwise offensive to the pubic on or near [the] premises." Therefore the ordinance is constitutionally void for vagueness on its face and Paul Bouls arrest and incarceration is a violation of Paul Bouls rights under the Texas Constitution.

B. The ordinance is unconstitutionally overly broad, as it creates a chilling effect with constitutionally protected speech or expression. It violates Article I, Section 8 of the Texas Constitution. Furthermore, the City, through its Ordinance, expands application of the ordinance to areas "on or near [the] premises." This over breadth potentially punishes those not involved with any prohibited activity. Therefore Paul Bouls arrest and incarceration is a violation of Paul Bouls rights under the Texas Constitution.

C. The City, through its Ordinance, deprived Plaintiffs of its property without due process in violation of article I, section 19 of the Texas Constitution. Plaintiffs were deprived of procedural due process because they were denied notice and an opportunity for hearing before loss of their property interest. The City of Harlingen granted permits to construct the cabana-style addition providing notice to Plaintiffs that the applicable noises guidelines would be the Texas Penal Code Section 42.01.

   Thereafter the City and the Harlingen Police Department proceeded to enforce the above-mentioned ordinance without regard to the 85-decibel limit delineated in Texas Penal Code Section 42.01.

D. The City, through its Ordinance, made an unconstitutional taking of Plaintiffs' property under Article 1, Section 16 and Section 19 of the Texas Constitution. The ordinance invokes police power to abridge a particular use of private property. Plaintiffs have been denied the ability to earn a living by a legitimate means.

E. The ordinance is not a legitimate exercise of its police power. The ordinance on its face is not a reasonable and therefore violates procedural and substantive due process requirements of the Texas Constitution.

F. The Ordinance is arbitrary and unreasonable both generally and as applied to Plaintiffs. Kiko's Mexican Restaurant is zoned general retail and is located on a business highway. Restricting sound in its various forms as per City Ordinance 74-8 in this area is both arbitrary and unreasonable.

## VI.  ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiffs herein, including

all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiffs be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully Submitted,

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By _____
DAVID SILLER GONZALES III
Attorney in Charge
Texas State Bar Number 24010060
Federal I.D. Number 25672

**Certificate of Service**

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the ___30___ day of September, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_____
DAVID S. GONZALES III

**Certificate of Conference**

I certify that on September 30, 2002, I conferred with Mr. Ricardo J. Navarro and he does ___ oppose Plaintiffs' First Amended Petition and Declaratory Judgment.

_____
DAVID S. GONZALES III