United States District Court
Southern District of Texas
FILED

OCT 0 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS AND KIKO'S | § | |
| MEXICAN RESTAURANT | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | |
| | § | CAUSE NO. B-02-078 |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
| DEFENDANTS | § | |

**KIKO PLAINTIFFS' MOTION TO REMAND AND
MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

May It Please The Court:

Plaintiffs file this motion to remand and memorandum in support of motion to remand the above-entitled cause under 28 U.S.C. §1447(c).

**A. Introduction**

1. Paul Bouls and Kiko's Mexican Restaurant (hereafter "KIKO PLAINTIFFS") are Plaintiffs and Counter-Defendants. City of Harlingen and Harlingen Police Chief Michael Blake are Defendants and Counter-Plaintiffs (hereafter "CITY DEFENDANTS").

2. KIKO PLAINTIFFS sued CITY DEFENDANTS in state district court for various Texas and United States constitutional violations stemming from the enforcement of Harlingen Municipal Ordinance §110.05. KIKO

1

    PLAINTIFFS filed for both injunctive relief on April 8, 2002 and declaratory relief on April 16, 2002.

3. On April 16, 2002, CITY DEFENDANTS filed their notice of removal based on federal question jurisdiction. On April 24, 2002, CITY DEFENDANTS' filed their supplemental notice of removal again based on federal question jurisdiction.

4. CITY DEFENDANTS filed an Original Answer to Plaintiffs' Application for Temporary and Permanent Injunctive Relief and Original Petition for Declaratory Judgment on April 30, 2002.

5. CITY DEFENDANTS then filed an Original Counterclaim and Application for Temporary and Permanent Injunctive Relief on May 24, 2002 under pendant jurisdiction for civil enforcement of Harlingen Municipal Ordinance §110.05.

6. On June 14, 2002, the Court partially granted CITY DEFENDANTS' Temporary Restraining Order.

7. On July 31, 2002, the Court dissolved CITY DEFENDANTS' Temporary Restraining Order and declared the City Ordinance at issue unconstitutional by order of the Court.

8. Contemporaneous with this motion Plaintiffs have filed for leave of court to amend KIKO PLAINTIFFS' Application for Temporary and Permanent Injunctive

Relief and Original Petition and Declaratory Judgment. KIKO PLAINTIFFS' amended pleadings, also filed herewith, relinquish all federal claims from pleadings as causes of action.

### B. Authorities

9. The Court may remand pendant state claims to state court after all federal-law claims have dropped out of a removed case. W.O. Henry v. Independent American savings Association, 857 F.2d 995, 998-9 (5th Cir. 1988); citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). In support KIKO PLAINTIFFS submit the following:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). However, courts have consistently held that a Plaintiff, generally, does not deprive the district court of jurisdiction simply by dropping federal claims since the court's jurisdiction is determined based on circumstances that exist when the court's jurisdiction is invoked. Hensgen v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987); FSLIC v. Griffin, 935 F.2d 691 (5th Cir. 1991); Kidd v. Southwest Airlines Col, 891 F.2d 540, 546 (5th Cir. 1990). Nonetheless, The United States Fifth Circuit Court of Appeals has acknowledged the authority of a district court to remand a case under such circumstances. Gutierrez v. Champion Sav. Asso., 727 F.Supp.

3

1088, 1090 (S.D. Tex. 1989); <u>W.O. Henry v. Independent American savings Association</u>, 857 F.2d 995, 998-9 (5th Cir. 1988); citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343 (1988).

The Supreme Court in <u>Cohill</u> found that a district court has discretion to deal with the remaining pendant claims "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine" <u>Cohill, 108 S.Ct. at 622</u>.

### B. Argument

10. The principles of economy, convenience, fairness and comity support remanding the above-entitled case for the following reasons:

   a. The Court should remand this case to state court because all federal claims have either been adjudicated by the Court or dropped by KIKO PLAINTIFFS. A federal question no longer exists and litigating the remaining claims in a federal forum will likely come at great expense to KIKO PLAINTIFFS.

   b. KIKO PLAINTIFFS have been deprived of suing in the forum of their choice. KIKO PLAINTIFFS brought suit against the CITY DEFENDANTS in state court due to familiarity with the state forum. CITY DEFENDANTS promptly removed KIKO PLAINTIFFS to

federal court and, as a result, KIKO PLAINTIFFS have undergone significant hardship and expense complying with federal procedural rules.

c. KIKO PLAINTIFFS have invested significant court costs within the state forum. This includes the deposit of a cash bond with the Cameron County State District Clerk.

d. Minimal resources have been used by the federal court system in the adjudication of this cause. The Court ruled on the threshold question of whether the city ordinance at issue was or was not constitutional. No trial or live testimony has been introduced other than arguments and stipulations of counsel.

e. KIKO PLAINTIFFS allege several Texas constitutional violations wherein KIKO PLAINTIFFS civil rights where violated. Although the federal judicial system recognizes strong policy reasons for award prevailing plaintiffs attorney fees under similar circumstances wherein plaintiffs act as "private attorney general[s]," such awards have generally come under specific provisions of the Civil Rights Act of 1964. <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 114 S.Ct. 1023 (1994); <u>Newman v. Piggie Park Enterprises</u>, Inc., 390 U.S. 400,

402 (1968). Fortunately, Texas law provides specific statutory authority for such awards as well. TEXAS CIVIL PRACTICE AND REMEDIES CODE §37.009. For this reason, this case should be remanded to state court to rule on the issue of attorney fees. The policy considerations in <u>Fogerty</u> with respect to attorney fees along with the basic fairness principles of <u>Cohill</u> provide ample reason and authority to remand this case to Texas State District Court for disposition of all remaining claims and issues pursuant to Texas procedural rules.

### Prayer for Relief

For these reasons, KIKO PLAINTIFFS asks the Court to grant the motion to remand, remand this suit to the state court in which it was originally filed, and award KIKO PLAINTIFFS its court costs, expenses, and attorney fees.

Respectfully Submitted,

Rio Grande Law Center, bldg,
501 East Tyler Avenue
Harlingen, Texas 78550
Phone: 956/454-0897
Fax: 956/425-1844

By _____
DAVID SILLER GONZALES III
Attorney in Charge
Texas State Bar Number 24010060
Federal I.D. Number 25672

**Certificate of Service**

I certify that a true copy of this document has been sent by hand delivery to the person listed below on the __30__ day of September, 2002.

Mr. Ricardo J. Navarro
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_____
DAVID S. GONZALES III

**Certificate of Conference**

I certify that on September __30__, 2002, I conferred with Mr. Ricardo J. Navarro and he does ___ oppose Plaintiffs' Motion for Leave of Court to File Amended Pleadings.

_____
DAVID S. GONZALES III

7