IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND | § | |
| KIKO'S MEXICAN RESTAURANT | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
| DEFENDANTS | § | |

**CITY DEFENDANTS' OPPOSITION TO KIKO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANTS, the CITY OF HARLINGEN and POLICE CHIEF MICHAEL BLAKE (hereafter referred to as "CITY DEFENDANTS"), and file this their Opposition to Kiko Plaintiffs' Motion for Leave to File Amended Pleadings. In support of their opposition, CITY DEFENDANTS would show this Court the following:

**I.
Argument on Opposition to
Plaintiffs' Motion for Leave**

On July 31, 2002, this Court entered a final order on the issue of whether City of Harlingen Ordinance 110.05 was constitutional under the U.S. Constitution. The Court's holding was that City of Harlingen Ordinance 110.05 was unconstitutional under the U.S. Constitution. Basic tenets of constitutional law is that if a law is unconstitutional under the U.S. Constitution then it cannot be constitutional under a state's Constitution, in this case the Texas Constitution. The City of Harlingen is not taking the position that Ordinance 110.05 is enforceable

under the Texas Constitution, this Court's ruling on the constitutionality of said ordinance was the final word on the viability of said ordinance. Any issues regarding the constitutionality of the ordinance have been fully adjudicated and ruled upon by this Court, therefore based upon the order entered on July 31, 2002, Plaintiffs' newly filed pleadings and motions are moot.

## II.
## Procedural Issues

The Order of dismissal (Fed.R.Civ.P. 58 judgment) was entered on July 31. 2002 . Over thirty days have passed since the entry of the order of dismissal. Plaintiffs have failed to timely file either a motion for new trial pursuant to Fed.R.Civ.P. 59 (must be filed 10 days from entry of order of dismissal) or their notice of appeal pursuant to FRAP 4(a)(1)(A)(must be filed 30 days from entry of order of dismissal). *See Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833 (5th Cir. 1992). Therefore, Plaintiffs' Motion for Leave to File Amended Pleadings is untimely and this Court has already determined and ruled upon the dispute before it leaving nothing else for it do. *See Zinc v. U.S.*, 929 F.2d 1015, 1020(5th Cir. 1991) (A judgment is final when it terminates the litigation on the merits and leaves the court with nothing more to do except execute the judgment).

## III.
## Conclusion & Prayer

Therefore, CITY DEFENDANTS request and pray that after due and proper consideration of their opposition to Plaintiffs' Motion for Leave that the Court would find said Motion untimely,

moot and deny Plaintiffs' Motion for Leave to File Amended Pleadings.

Finally, CITY DEFENDANTS request and pray for any such other additional and further relief, at law or in equity, to which they are justly entitled.

Signed on the 11th day of October, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
LAWRENCE J. RABB
State Bar No. 24002938
Fed. Dist. No. 23712

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 11th day of October, 2002.

Mr. David S. Gonzales, III
Attorney At Law
501 E. Tyler
Harlingen, Texas 78550
**COUNSEL FOR PLAINTIFF**

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND | § | |
| KIKO'S MEXICAN RESTAURANT | § | |
|     PLAINTIFFS | § | |
| | § | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
|     DEFENDANTS | § | |

ORDER ON KIKO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED PLEADINGS
_____

On this day the Court considered the Plaintiff's Motion for Leave to File Amended Pleadings, as well as the City Defendants response thereto. After consideration of the Motion the Court finds that it does not have merit and that it should be denied.

It is therefore, ORDERED, that Plaintiff' Motion for Leave to File Amended Pleadings is hereby DENIED.

SIGNED on the _____ day of _____, 2002

                                              _____
                                              HON. FILEMON VELA
                                              U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND KIKO'S MEXICAN RESTAURANT<br>    PLAINTIFFS | §<br>§<br>§<br>§ | |
| VS | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE<br>    DEFENDANTS | §<br>§<br>§<br>§ | |

CITY DEFENDANTS' OPPOSITION TO
KIKO PLAINTIFFS' MOTION FOR REMAND
_____

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANTS, the CITY OF HARLINGEN and POLICE CHIEF MICHAEL BLAKE (hereafter referred to as "CITY DEFENDANTS"), and file this their Opposition to Kiko Plaintiffs' Motion for Remand. In support of their opposition, CITY DEFENDANTS would show this Court the following:

I.
Argument on Opposition to
Plaintiffs' Motion for Remand

On July 31, 2002, this Court entered a final order on the issue of whether City of Harlingen Ordinance 110.05 was constitutional under the U.S. Constitution. Any issues regarding the constitutionality of the ordinance have been fully adjudicated and ruled upon by this Court, therefore based upon the order entered on July 31, 2002, Plaintiffs' request to remand this matter to state court is moot. Plaintiffs' in their Motion to Remand have cited 28 U.S.C § 1447(c) for the proposition that "if at any time before final judgment it appear

the district court lacks subject matter jurisdiction, the case shall be remanded." See Plaintiffs' Motion for Remand and Memorandum in Support of Motion for Remand, Page 3, Paragraph B,9. The problem with this argument by Plaintiffs is that final judgment has already been entered in this case. See Order of dismissal entered July 13, 2002. Any issues regarding the constitutionality of the ordinance (both under the U.S. and Texas Constitutions, since City Defendants' stipulate that if Ordinance 110.05 is unconstitutional under both the U.S. and State Constitution based upon the determination of this Court) have been fully adjudicated and ruled upon by this Court, therefore based upon the order entered on July 31, 2002, Plaintiffs' request to remand this matter to state court is moot. The matter has already been adjudicated.

Additionally, Plaintiffs' counsel asks for a remand of this matter to allow the state court to rule on the issue of the award of attorney fees under Texas Civil Practice & Remedies Code §37.009. This Court has already taken up the issue of attorney fees and entered its final judgment denying the award of attorney fees under Texas Civil Practice & Remedies Code §37.009. See Order Denying Plaintiffs' Motion for Attorney's Fees, entered September 10, 2002. Therefore, the issue is moot and the motion to remand is untimely, unnecessary, and barred by res judicata.

Further, Kiko Plaintiffs that they have invested significant court costs with the state forum, to include the filing of a cash bond. Kiko Plaintiffs are able to recover their cash bond upon request. The decision to file a lawsuit in the state forum against the CITY DEFENDANTS was one made by Kiko Plaintiffs and their counsel with full knowledge and awareness of their own

claims being brought under the U.S. Constitution, which would invoke the jurisdiction of the U.S. Courts.

Therefore, Plaintiffs' Motion for Remand is untimely and this Court has already determined and ruled upon the constitutional dispute and the request for attorney fees under Texas procedural rules, leaving nothing else for it do. *See Zinc v. U.S.*, 929 F.2d 1015, 1020(5th Cir. 1991) (A judgment is final when it terminates the litigation on the merits and leaves the court with nothing more to do except execute the judgment).

### III.
### Conclusion & Prayer

Therefore, CITY DEFENDANTS request and pray that after due and proper consideration of their opposition to Plaintiffs' Motion for Remand that the Court would find said Motion untimely, moot and deny Plaintiffs' Motion for Remand.

Finally, CITY DEFENDANTS request and pray for any such other additional and further relief, at law or in equity, to which they are justly entitled.

Signed on the _11th_ day of October, 2002.

Respectfully submitted,

By:

DENTON, NAVARRO & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

*[signature: Ricardo J. Navarro]*

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
LAWRENCE J. RABB
State Bar No. 24002938
Fed. Dist. No. 23712

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 11th day of October, 2002.

Mr. David S. Gonzales, III
Attorney At Law
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

*[signature: Ricardo J. Navarro]*

RICARDO J. NAVARRO
LAWRENCE J. RABB