

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 11 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND KIKO'S MEXICAN RESTAURANT  PLAINTIFFS | § § § § | |
| VS | § § | CAUSE NO. B-02-078 |
| CITY OF HARLINGEN AND HARLINGEN POLICE CHIEF MICHAEL BLAKE  DEFENDANTS | § § § § | |

### CITY DEFENDANTS' OPPOSITION TO KIKO PLAINTIFFS' MOTION FOR REMAND

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANTS, the CITY OF HARLINGEN and POLICE CHIEF MICHAEL BLAKE (hereafter referred to as "CITY DEFENDANTS"), and file this their Opposition to Kiko Plaintiffs' Motion for Remand. In support of their opposition, CITY DEFENDANTS would show this Court the following:

### I.
### Argument on Opposition to Plaintiffs' Motion for Remand

On July 31, 2002, this Court entered a final order on the issue of whether City of Harlingen Ordinance 110.05 was constitutional under the U.S. Constitution. Any issues regarding the constitutionality of the ordinance have been fully adjudicated and ruled upon by this Court, therefore based upon the order entered on July 31, 2002, Plaintiffs' request to remand this matter to state court is moot. Plaintiffs' in their Motion to Remand have cited 28 U.S.C § 1447(c) for the proposition that "if at any time before final judgment it appear

Case 1:02-cv-00078   Document 28   Filed in TXSD on 10/11/2002   Page 2 of 4

the district court lacks subject matter jurisdiction, the case shall be remanded." See Plaintiffs' Motion for Remand and Memorandum in Support of Motion for Remand, Page 3, Paragraph B,9. The problem with this argument by Plaintiffs is that final judgment has already been entered in this case. See Order of dismissal entered July 13, 2002. Any issues regarding the constitutionality of the ordinance (both under the U.S. and Texas Constitutions, since City Defendants' stipulate that if Ordinance 110.05 is unconstitutional under both the U.S. and State Constitution based upon the determination of this Court) have been fully adjudicated and ruled upon by this Court, therefore based upon the order entered on July 31, 2002, Plaintiffs' request to remand this matter to state court is moot. The matter has already been adjudicated.

Additionally, Plaintiffs' counsel asks for a remand of this matter to allow the state court to rule on the issue of the award of attorney fees under Texas Civil Practice & Remedies Code §37.009. This Court has already taken up the issue of attorney fees and entered its final judgment denying the award of attorney fees under Texas Civil Practice & Remedies Code §37.009. See Order Denying Plaintiffs' Motion for Attorney's Fees, entered September 10, 2002. Therefore, the issue is moot and the motion to remand is untimely, unnecessary, and barred by res judicata.

Further, Kiko Plaintiffs that they have invested significant court costs with the state forum, to include the filing of a cash bond. Kiko Plaintiffs are able to recover their cash bond upon request. The decision to file a lawsuit in the state forum against the CITY DEFENDANTS was one made by Kiko Plaintiffs and their counsel with full knowledge and awareness of their own

claims being brought under the U.S. Constitution, which would invoke the jurisdiction of the U.S. Courts.

Therefore, Plaintiffs' Motion for Remand is untimely and this Court has already determined and ruled upon the constitutional dispute and the request for attorney fees under Texas procedural rules, leaving nothing else for it do. *See Zinc v. U.S.*, 929 F.2d 1015, 1020 (5th Cir. 1991) (A judgment is final when it terminates the litigation on the merits and leaves the court with nothing more to do except execute the judgment).

### III.
### Conclusion & Prayer

Therefore, CITY DEFENDANTS request and pray that after due and proper consideration of their opposition to Plaintiffs' Motion for Remand that the Court would find said Motion untimely, moot and deny Plaintiffs' Motion for Remand.

Finally, CITY DEFENDANTS request and pray for any such other additional and further relief, at law or in equity, to which they are justly entitled.

Signed on the _11th_ day of October, 2002.

Respectfully submitted,

```
                    DENTON, NAVARRO & BERNAL
                    A Professional Corporation
                    Bank of America Building
                    222 East Van Buren, Suite 405
                    Harlingen, Texas 78550
                    956/421-4904
                    956/421-3621 (Fax)


          By:       _____
                    RICARDO J. NAVARRO
                    State Bar No. 14829100
                    So. Dist. ID No. 5953
                    LAWRENCE J. RABB
                    State Bar No. 24002938
                    Fed. Dist. No. 23712
```

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 11th day of October, 2002.

Mr. David S. Gonzales, III
Attorney At Law
501 E. Tyler
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
LAWRENCE J. RABB