IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL BOULS, KARAM BOULOS AND | § | |
| KIKO'S MEXICAN RESTAURANT | § | |
|     PLAINTIFFS | § | |
| | § | |
| v. | § | CAUSE NO. B-02-078 |
| | § | |
| CITY OF HARLINGEN AND | § | |
| HARLINGEN POLICE CHIEF | § | |
| MICHAEL BLAKE | § | |
|     DEFENDANTS | § | |

### ORDER DENYING KIKO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADINGS AND DENYING KIKO PLAINTIFF'S MOTION FOR REMAND

Plaintiffs filed Motions for Leave to File Amended Pleadings and a for Remand on November 30, 2002. Both are DENIED because the Motion for Leave to File Amended Pleadings is untimely and the Motion for Remand moot.

This Court entered an order finding City of Harlingen Ordinance § 110.05 unconstitutional on July 30, 2002. Plaintiffs then filed a Motion for Attorney's Fees on August 14, 2002. The Court did not extend the time to appeal the order and denied Plaintiff's Motion for Attorney's Fees on September 10, 2002. The Order declaring the ordinance unconstitutional became a final judgement on its date of entry, July 30, 2002. *Zink v. United States*, 929 F.2d 1015 (5th Cir. 1991)(quoting *Offshore Prod. Contractors Ins. Co. v. Republic Underwriters*, 910 F.2d 224, 229 (5th Cir. 1990)(stating that a judgement is 'final' when it terminates litigation on the merits and leaves the court with nothing to do except execute the judgement)). Therefore, Plaintiff's Motion for Leave to Amend Pleadings filed on November 30, 2002, is untimely. FED. R. CIV. PRO. 59; FED. R. APP. PRO. 4(a)(1)(A).

Attached to its Motion for Leave to Amend Pleadings is a First Amended Petition and Declaratory Judgement. In it, Plaintiff asks the Court to declare City of Harlingen Ordinance § 110.05 "unconstitutional under the Texas Constitution." Specifically, Plaintiff claims violations of Article I, Sections 8, 19, and 16 of the Texas Constitution. Plaintiff seeks to have these claims remanded to the state courts.

The order signed by this Court on July 30, 2002 declared the city ordinance unconstitutional under the United States Constitution and dissolved a Temporary Restraining Order previously entered. Additionally, the Court specifically stated that "though aggrieved parties in this matter may have alternative protections under the law, namely under Title 9, § 42.01 of the Texas Penal Code, that matter was not before this Court." DOC 18. Therefore, Plaintiff's Motion for Remand to challenge the constitutionality of the city ordinance is moot.

IT IS ORDERED that Plaintiffs' Motion for Leave to File Amended Pleadings and Motion for Remand are DENIED.

DONE this 27th day of May 2003.

Filemon B. Vela
United States District Judge